CENTURY 21—MABEL O. PETTUS,
INC., Respondent,

v.

CITY OF JENNINGS, Appellant.

No. 66786.

Supreme Court of Missouri,
En Banc.

Nov. 21, 1985.

Rehearing Denied Dec. 17, 1985.

Lloyd E. Eaker, Clayton, for appellant.

Stephen C. Murphy, Clayton, for respondent.

RENDLEN, Judge.

The appellant, City of Jennings, by its zoning ordinance,[1] prohibited the posting of "advertising signs" in residential districts. Employees of appellant, without permission of respondent, removed a "For Sale" sign which respondent, a licensed real estate broker, had placed on certain residential property at the direction of the owners. Suit was brought to prevent appellant from removing "For Sale" or "For Lease" signs and following hearing the court permanently enjoined their removal. Because the validity of a statute is in issue, the cause falls

---

1. Jennings, Mo., Ordinance 1174, §§ 9.7(9), 10.- 7(9), 11.7(9) (Mar. 14, 1977).

within the exclusive appellate jurisdiction of this Court. Mo. Const. art. V, § 3.

Section 67.317, RSMo Supp.1984, provides:

No political subdivision of this state shall enact or enforce any ordinance which forbids or restricts the right of any owner of an interest in real property or his agent from displaying on the property a sign of reasonable dimensions, as may be determined by local ordinance, advertising:

(1) The property interest is for sale, lease or exchange by the owner or his agent;

(2) The owner's or agent's names; and

(3) The owner's or agent's address and telephone number.

Respondent contended, and the Circuit Court found, that appellant's ordinance was contrary to the terms of § 67.317, and violative of respondent's rights to free speech under U.S. Const. amend. I and Mo. Const. art. I, § 8. Appellant concedes that its ordinance, as it relates to "For Sale" and "For Lease" signs, contravenes the terms of § 67.317 but in turn asserts the invalidity of that statutory section under the provisions of Mo. Const. art. III, §§ 28, 40(30); appellant also disputes respondent's contention as to denial of the right to free speech.

## I.

Article III, § 40, of the Missouri Constitution provides in pertinent part:

The general assembly shall not pass any local or special law:

   *    *    *    *    *    *

(30) where a general law can be made applicable, and whether a general law could have been made applicable is a judicial question to be judicially determined without regard to any legislative assertion on that subject.

Appellant maintains that § 67.317 is a special law because it applies solely to signs advertising the sale, lease or exchange of real property, and does not apply to other advertising signs and as such is void as a special law under Article III, § 40(30).

Examining this contention it should first be noted that "[i]t is firmly established that a constitutional question must be presented at the earliest possible moment 'that good pleading and orderly procedure will admit under the circumstances of the given case, otherwise it will be waived.'" *Meadowbrook Country Club v. Davis,* 384 S.W.2d 611, 612 (Mo. 1964); *Securities Acceptance Corp. v. Hill,* 326 S.W.2d 65, 66 (Mo.1959). Appellant has failed to raise the constitutional claim that § 67.317 is a special law and thus void under Article III, § 40(30) in the pleadings or oral argument before the trial court. The contention is squarely presented on appeal but it would seem not to have been presented at the earliest possible moment that good pleading and orderly procedure would admit. Appellant points out that it did raise the charge of § 67.317 being a "special law" in its brief submitted to the trial court, though it did so without citing Article III, § 40(30). The section of the constitution claimed to have been violated should be specified. *City of St. Louis v. Butler Co.,* 358 Mo. 1221, 219 S.W.2d 372, 376 (banc 1949); *Independent Gravel Co. v. Arne,* 695 S.W.2d 914, 916 (Mo.App.1985). But while appellant might not have properly presented the issue to the trial court, had he done so it would have been to no avail for the contention is not well taken. Section 67.317 is not a special law and does not stand in conflict with Mo. Const. art. III, § 40.

It has been suggested that there are two criteria for determining whether a law is special: first, the classification must be reasonable and not arbitrary; second, the privilege or liability created by the law must apply to all entities within the classification. *Menorah Medical Center v. Health & Educational Facilities Auth.,* 584 S.W.2d 73, 81 (Mo. banc 1979). "[A] law is not special in the constitutional sense if it applies alike to all of a given class provided the classification thus made is not arbitrary or without a reasonable basis." *Marshall v.*

*Kansas City*, 355 S.W.2d 877, 884 (Mo. banc 1962).

*State ex rel. Public Defender Commission v. County Court of Greene County*, 667 S.W.2d 409, 412 (Mo. banc 1984).

While § 67.317 creates certain classifications, relative to advertisement of real property interests in political subdivisions of Missouri, the law applies to *all* political subdivisions of the state, *all* real property interests, and *all* signs of reasonable dimensions advertising real property for sale, lease or exchange. This is not a case like *State ex rel. Public Defender Commission*, 667 S.W.2d 409, cited by appellant, wherein the relevant statute, § 600.010, RSMo 1978 (repealed L.1982), contained provisions applicable to every judicial circuit of Missouri having a population of not less than 75,000, except that it specifically exempted the Thirty-first Judicial Circuit. *State ex rel. Public Defender Commission*, 667 S.W.2d at 411.

■ Further, contrary to appellant's argument, the classification of signs of reasonable dimensions advertising real property for sale, lease or exchange is neither unreasonable nor arbitrary.[2] A party challenging a classification generally is deemed to "carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary." *State ex inf. Barrett v. Hedrick*, 294 Mo. 21, 241 S.W. 402, 420 (banc 1922) (quoting *Stewart v. Brady*, 300 Ill. 425, 133 N.E. 310, 314–15 (1921)). The essence of appellant's complaint is that § 67.317 does not apply to all advertising signs, but only to those advertising the sale, lease or exchange of real estate. However, the sale or leasing of

real estate directly relates to the situs of the property involved. Though commercial activities are often restricted by zoning regulations in residential districts, the homes in such districts from time to time come on the market and the "commercial" transactions (i.e. sale or lease) necessarily involve and typically occur at least in part at the site. Thus, the legislature has carved a reasonable exception to advertising signs for that class of transactions. It has limited the content of the advertising material and authorized the local municipality to control the sign's dimensions. A municipality derives its governmental powers from the state and exercises generally only such governmental functions as are expressly or impliedly granted it by the state. *Sutton v. Fox Missouri Theatre Co.*, 336 S.W.2d 85, 92 (Mo.1960). In essence appellant complains that the state refuses to grant it the power to regulate real estate signs but the legislative determination so to do is neither arbitrary nor unreasonable, and thus does not constitute an invalid exercise of the legislative prerogative, under Article III, § 40.

## II.

■ Appellant next contends that § 67.-317 is void because it was enacted in violation of Mo. Const. art. III, § 28. Section 28 provides:

No act shall be revived or reenacted unless it shall be set forth at length as if it were an original act. No act shall be amended by providing that words be stricken out or inserted, but the words to be stricken out, or the words to be inserted, or the words to be stricken out and those inserted in lieu thereof, together

---

**2.** Because we have found § 67.317, RSMo Supp. 1984, to be neither unreasonable nor arbitrary, the cases cited by appellant do not require a finding that the statute is void as a special law in violation of Mo. Const. art. III, § 40(30). *Planned Indus. Expansion Auth. of St. Louis v. Southwestern Bell Tel. Co.*, 612 S.W.2d 772 (Mo. banc 1981) (statute that granted permanent easement to telecommunications company violative of constitutional ban on special laws); *Ryder v. County of St. Charles*, 552 S.W.2d 705 (Mo. banc 1977) (statute that exempted from local zoning the recovery of natural resources

by strip or open cut mining violative of constitutional ban on special laws); *City of Springfield v. Smith*, 322 Mo. 1129, 19 S.W.2d 1 (banc 1929) (ordinance prohibiting Sunday operation of "any theatre, playhouse, or any other place where theatrical performances, vaudeville shows or moving picture exhibitions are given or conducted" violative of constitutional ban on special laws). In each of these cited cases, this Court found the given classification to be without a reasonable basis. Here we determine the classification to be neither unreasonable nor arbitrary.

with the act or section amended, shall be set forth in full as amended.

The City argues the challenged section unconstitutionally amends Chapter 89, RSMo 1978,[3] without referring to any provision of that chapter. Section 67.317 does not substitute one phrase for any other in a preexisting statute and it is settled law that while a section may in some manner impact other areas of the law, this in itself does not require in all instances under Article III, § 28 a detailed cross-referencing of related statutes. "The fact that it has consequences for other statutes does not bring it into conflict with Art. III, § 28." *Boyd-Richardson Co. v. Leachman*, 615 S.W.2d 46, 53 (Mo. banc 1981).

### III.

■ Because appellant's ordinance as it pertains to real estate signs is in violation of a valid state statute, the judgment of the trial court may for this reason be affirmed and we need not determine the respondent's "free speech" allegation.

Judgment affirmed.

All concur.

---

**3.** In general, Chapter 89, RSMo 1978, empowers cities, towns, and villages to enact and enforce a comprehensive zoning ordinance. Appellant specifically cites §§ 89.020–.050, RSMo 1978, as sections amended by § 67.317, RSMo Supp. 1984.