**REAL ESTATE BOARD OF METRO-POLITAN ST. LOUIS,**
Plaintiff–Respondent,

v.

**CITY OF JENNINGS, City of Flordell Hills, Defendants–Appellants.**

Nos. 57923, 57944.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 26, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 7, 1991.

Lloyd E. Eaker, Clayton, for City of Jennings, Mark F. Haywood, St. Charles, for City of Flordell Hills.

Stephen C. Murphy and Bradley James Bakula, Clayton, for plaintiff-respondent.

CRANDALL, Chief Judge.

Defendants, City of Jennings and City of Flordell Hills (hereinafter jointly referred to as Cities), enacted ordinances which restricted the size of real estate advertising signs posted in areas zoned residential. Plaintiff, Real Estate Board of Metropolitan St. Louis (Board), brought an action against Cities, seeking a declaration that Cities' ordinances which determined the dimensions for real estate advertising signs violated Section 67.317, RSMo (1986) and were unenforceable. The trial court found that the size restrictions contained within Cities' ordinances were not reasonable within the meaning of Section 67.317 and reflected Cities' desire to keep the signs "as small as possible." The trial court enjoined Cities from enforcing the ordinances. Cities appeal. We affirm.

The evidence adduced at trial established that the City of Jennings (Jennings) enacted Ordinance No. 1476 which provides in pertinent part:

It is hereby declared that the dimensions and regulations for signs advertising that an interest in real estate is for sale, lease or exchange shall be as follows:

(a) The facing of a sign where advertising is to appear is not to exceed 12″ in length and 6″ in height with a maximum of 2 facings....

City of Flordell Hills (Flordell Hills) also passed Ordinance No. 438 which limited the size of real estate advertising signs: "Such signs shall not exceed six inches in height or thirteen inches in width." Flordell Hills is a municipality separate from, but surrounded by, Jennings.

Section 67.317 provides:

No political subdivision of this state shall enact or enforce any ordinance which forbids or restricts the right of any owner of an interest in real property or his agent from displaying on the property a sign of *reasonable dimensions, as may be determined by local ordinance*, advertising:

(1) The property interest is for sale, lease or exchange by the owner or his agent;

(2) The owner's or agent's names; and

(3) The owner's or agent's address and telephone number. (Emphasis added).

The standard "for sale" sign in the real estate industry throughout the St. Louis area and throughout the United States is approximately 18 inches by 24 inches. Standard sized signs are less expensive because they are ordered in large quantities. Smaller "for sale" signs are not as visible as standard sized signs, especially from vehicles which are passing by on the street. Smaller "for sale" signs also make it difficult to display the broker's telephone number in addition to the broker's name and address.[1] Despite the various forms of advertising employed by real estate agents, based upon a survey conducted by Board, more than 50 percent of the inquiries about advertised properties are prompted by "for sale" signs posted on those properties. Board does not know, however, what specific effect the smaller signs are having on sales within Cities, although sales within Cities are generally "slow".

The mayor of Jennings testified that "for sale" signs were not permitted on residential property prior to the decision in *Century 21 v. City of Jennings*, 700 S.W.2d 809 (Mo. banc 1985), which upheld

---

**1.** 4 Mo. CSR Section 250–8.070(3) requires that "[n]o real estate advertisement by a licensee shall show only a post office box number, telephone number or street address. Every advertisement of real estate by a broker shall contain his/her regular business name or the name under which s/he or his/her firm is licensed and shall affirmatively and unmistakably indicate that the party advertising is a real estate broker and not a private party."

the validity of Section 67.317 and which prohibited Jennings from banning all real estate advertising signs. Faced with the holding in *Century 21*, Jennings preferred the "smallest sign possible" and enacted the ordinance limiting the size of "for sale" signs to 6 inches by 12 inches. Jennings also set up its own housing referral service which put potential buyers in touch with sellers in the community through selected real estate brokers.

Board is an incorporated voluntary trade association whose membership is comprised of over 7,000 real estate brokers and agents licensed in Missouri. Its functions include, but are not limited to, providing continuing education for its members, settling grievances between sellers and brokers, filing legal challenges to laws which interfere with the business of selling property, and lobbying for laws favorable to the real estate industry.

■ We first address whether the trial court erred in denying the motion of Flordell Hills to dismiss Board's declaratory judgment action for lack of standing.

An association has standing to bring an action on behalf of its members when "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977).

In applying the foregoing criteria to this case, it is clear that Board's members have standing to sue in their own right. The interests Board seeks to protect are germane to its purpose. Board's petition alleges that its members have been denied a reasonable opportunity to advertise properties located in Cities, have incurred additional costs and hardships in complying with the size restrictions on signs, and have suffered economic hardship as a result of Cities' ordinances. The preservation of its members' business opportunities and economic well-being are germane to Board's purpose. Finally, the requested declaratory relief does not require the participation of Board's individual members. The trial court properly found that Board had standing to challenge the validity of Cities' ordinances.

■ We next consider the issue of whether the dimensions for real estate advertising signs, as determined by Cities' ordinances, were reasonable within the meaning of Section 67.317. Through this statute, the legislature limited the content of real estate advertising signs and granted to local municipalities the authority to control the signs' dimensions. *Century 21*, 700 S.W.2d at 811.

■ The test of whether an ordinance is fairly referable to a legitimate exercise of police power is whether the expressed requirements or regulations of the ordinance have a substantial and rational relation to the health, safety, peace, comfort and general welfare of the inhabitants of a municipality. *City of Blue Springs v. Gregory*, 764 S.W.2d 101, 103 (Mo.App. 1988). A presumption of reasonableness attaches to ordinances enacted pursuant to a municipality's police powers. *Deutsch v. City of Ladue*, 728 S.W.2d 239, 241 (Mo. App.1987). The local legislative body is vested with broad discretion and the appellate court cannot interfere unless it is shown that the legislative body has acted arbitrarily. *City of Ladue v. Horn*, 720 S.W.2d 745, 748 (Mo.App.1986). However, "a billboard or signboard ordinance is invalid where it appears from the ordinance itself that it has been enacted not in the interest of public health, morals, or safety, or for any other purpose within the police power, but simply to prevent or restrict the display of advertisements." 7 E. McQuillin, *The Law of Municipal Corporations*, Section 24.381, at 414 (3rd Ed.1989).

Section 67.317 leaves the determination of what are reasonable dimensions for "for sale" and other real estate advertising signs, in the first instance, to the local legislative body. Yet, the discretion of the local legislative body is not unfettered. A determination of whether the dimensions

established by local ordinance are reasonable is subject to judicial review for an abuse of legislative discretion.

In the present case, the trial court found that the size restrictions on real estate advertising signs of 6 inches by 12 inches in Jennings and of 6 inches by 13 inches in Flordell Hills were unreasonable and reflected a desire on the part of Cities to keep such signs as small as possible. The evidence was that the signs were not large enough to catch the attention of potential buyers who were driving by the properties advertised for sale and were not readily discernible from the street. It is difficult to imagine how signs of the size established by Cities could adequately furnish all of the information necessary on real estate advertising signs: the broker's name and address in addition to the broker's telephone number and the notation "for sale."

The actual effect of smaller signs on residential sales within Cities is not relevant to a determination of the reasonableness of the dimensions of the advertising signs. The size restrictions for real estate advertising signs established by Cities do not bear any rational relation to the health, safety, comfort or general welfare of Cities' residents. Cities acted arbitrarily in restricting the dimensions for real estate signs to either 6 inches by 12 inches or 6 inches by 13 inches. The trial court properly found that such size restrictions contained within Cities' ordinances were not reasonable within the meaning of Section 67.317 and prohibited the enforcement of those ordinances.

The judgment of the trial court is affirmed.

SIMON and REINHARD, JJ., concur.