The Honorable Bill Skaggs Representative, District 34 State Capitol Building, Room 404-A Jefferson City, Missouri 65101
Dear Representative Skaggs:
This opinion is in response to your questions asking:
 With respect to the funds of a third class city hospital organized and operated under Sections 96.150 — 96.228, RSMo:
 (i) is the city treasurer to have custody of a special facility fund in the city treasury comprised of all moneys from taxes, donations and any other source generated by the hospital or may the board of trustees of the hospital establish and maintain a separate account (or accounts) for the deposit and/or investment of this money;
 (ii) does the city select the depositary for the facility fund of the hospital pursuant to Section 95.280, RSMo 1986, or may the board of trustees of the hospital independently select the depositary for funds generated by it; and
 (iii) may the board of trustees of such a hospital set up and maintain a special irrevocable trust to which all the funds of the hospital are transferred, the terms of which (a) give control of the trust assets to three trustees who serve a term of five years and are not necessarily members of the board of trustees of the hospital, (b) who may make distribution of principal in their absolute and uncontrolled discretion for payment of capital improvements to the hospital, (c) gives control of the investment of the trust funds to the discretion of the trust company, (d) allows for amendment of the trust on only the unanimous vote of the members of the board present at the meeting considering the amendment, and (e) does not allow for termination of the trust?
Sections 96.150 to 96.228, RSMo, provide for third class cities, upon approval of the voters, to adopt a tax for the establishment and operation of city health care facilities.
Section 96.150, RSMo Supp. 1991, provides:
 96.150. Submission of question to voters — maximum tax authorized — approval required — tax may be ended — board of trustees, authority to operate or lease hospital. — 1. When one hundred voters of any city of the third class shall petition the mayor and council asking that an annual tax as specified in the petition not to exceed fifty cents on each one hundred dollars assessed valuation annually be levied for the establishment, equipping, operating, and maintaining by purchase, lease, construction or otherwise of a health care facility in such city for the care and treatment of the sick, disabled, and infirm persons, the mayor and council shall submit the question to the voters. For all purposes under sections 96.150 to 96.228 each type of facility shall be considered as a separate facility.
 2. The question shall be submitted in substantially the following form:
 Shall there be __________ cent tax for __________ (establishment of, equipping, operating and maintaining) a __________ (hospital, nursing home, or convalescent home, etc.) in the city for the care and treatment of the sick, disabled and infirm?
 3. If two-thirds of the voters voting on the question shall vote for such tax, the tax shall be levied and collected in like manner as other general taxes of the city and shall be a separate fund established for the facility.
 4. The tax shall cease in case the voters in the city shall so determine by a majority vote at any election held on such question. Unless otherwise specified in the proposition approved by the voters, the trustees may continue to operate any such facility under the provisions of sections 96.150 to 96.228.
 5. The trustees shall have authority to operate, maintain and manage a hospital and hospital facilities, and to make and enter into contracts, for the use, operation or management of a hospital or hospital facilities; to make and enter into leases of equipment and real property, a hospital or hospital facilities, as lessor or lessee, regardless of the duration of such lease; provided, however, that any lease of substantially all of the hospital, as the term "hospital" is defined in section 197.020, RSMo, wherein the board of trustees is lessor shall be entered into only with the approval of the council; and further to provide rules and regulations for the operation, management or use of a hospital or hospital facilities. Any agreement entered into pursuant to this subsection pertaining to the lease of the "hospital", as herein defined, shall have a definite termination date as negotiated by the parties, but this shall not preclude the trustees from entering into a renewal of the agreement with the same or other parties pertaining to the same or other subjects upon such terms and conditions as the parties may agree. [Emphasis added.]
Section 96.190, RSMo 1986, provides:
 96.190. Board to control expenditures, funds — employ assistants. — The board shall control the expenditures of all moneys collected to the credit of the fund established for such facility and the construction, leasing, equipping, operating and maintaining of the facility and the grounds and other property real and personal belonging to the facility; provided, all moneys from taxes, donations and from any other source shall be deposited in the city treasury to the credit of that facility's fund, and drawn upon by the vouchers of the proper officers of such board. The board shall also employ such help, professional and otherwise, as may be necessary to carry out the spirit and intent of sections 96.150 to 96.220, and all such assistants and employees shall serve at the pleasure of the board. [Emphasis added.]
Section 96.195, RSMo 1986, provides:
 96.195. Facility funds only to be used — nonliability of city. — All obligations incurred in connection with the construction, leasing, equipping, operating and maintaining of this facility and grounds and other property, real and personal, under control of the board shall be payable only from the fund established for such facility and the assets under control of the board. The city shall not be liable for any such claims or indebtedness except to the extent of the fund established for such facility and the assets under control of the board or as provided pursuant to sections 96.222, 96.224, 96.226, and 96.228. [Emphasis added.]
"A municipality derives its governmental powers from the state and exercises generally only such governmental functions as are expressly or impliedly granted it by the state."Century 21 — Mabel O. Pettus, Inc. v. City of Jennings,700 S.W.2d 809, 811 (Mo. banc 1985).
As set out above, Section 96.150 requires the tax for establishment and operation of a city health care facility to "be levied and collected in like manner as other general taxes of the city and shall be a separate fund established for the facility." Section 96.190 requires "all moneys from taxes, donations and from any other source shall be deposited in the city treasury to the credit of that facility's fund, and drawn upon by the vouchers of the proper officers of such board."[1]
In Attorney General Opinion No. 54, Strong, 1977, a copy of which is enclosed, this office was asked whether the Jefferson City Library Board was authorized to establish a fund other than those provided for by Sections 182.200 and 182.260, RSMo. Those provisions, like Section 96.190, required all library moneys to be deposited in the city treasury in special city library funds. Opinion No. 54, supra, concluded that the Jefferson City Library Board had "no authority to establish a fund other than the funds specifically provided for by statute." Id. at 3. [Sections 182.200 and 182.260, RSMo, have been amended since the date of Opinion No. 54, supra.]
For the reasons discussed in Opinion No. 54, supra, we conclude in answer to your first question that all moneys from taxes, donations and any other source generated by the city hospital are to be deposited in the city treasury in a separate fund established for the facility, as required by Sections96.150 and 96.190.
Your second question asks whether the city or the city hospital board of trustees is to select the depositary for the facility fund. As stated in answer to your first question, the moneys of the city hospital are to be deposited in the city treasury.
Section 95.280, RSMo 1986, provides for the depositary of city funds for a third class city:
 95.280. Depositary for city funds, how selected. — Subject to the provisions of section 110.030, RSMo, the city council, at its regular meetings in July of each year, may receive sealed proposals for the deposit of the city funds from banking institutions doing business within the city that desire to be selected as the depositary of the funds of the city. Notice that bids will be received shall be published by the city clerk not less than one nor more than four weeks before the meeting, in some newspaper published in the city. Any banking institution doing business in the city, desiring to bid, shall deliver to the city clerk, on or before the day of the meeting, a sealed proposal stating the rate percent upon daily balances that the banking institution offers to pay to the city for the privilege of being the depositary of the funds of the city for the year next ensuing the date of the meeting; or, in the event that the selection is made for a less term than one year, as herein provided, then for the time between the date of the bid and the next regular time for the selection of a depositary. It is a misdemeanor for the city clerk or other person to disclose directly or indirectly the amount of any bid to any person before the selection of the depositary.
Section 110.030, RSMo 1986, referred to in Section 95.280, provides that advertising for bids is required only if at the time of the advertisement for and award of bids it is legal for banking institutions to pay interest upon demand deposits.
Section 95.285, RSMo 1986, provides:
 95.285. Depositary to deposit securities. — Upon the opening of the sealed proposals submitted, the city council shall select as the depositary of the funds of the city the banking institution offering to pay to the city the largest amount for the privilege; except that the council may reject any or all bids. Within five days after the selection of the depositary, the banking institution selected shall deposit the securities as required by sections 110.010 and 110.020, RSMo. The rights and duties of the parties to the depositary contract are as provided in section 110.010.
Section 110.010, RSMo Supp. 1991, referred to in Section 95.285, requires that the public funds of listed governmental entities deposited in banking institutions "shall be secured by the deposit of securities of the character prescribed by section30.270, RSMo, for the security of funds deposited by the state treasurer."
We find no statutory provision authorizing the board of trustees of a city hospital to select the depositary for the facility fund of the hospital. Consequently, we conclude that the facility fund, deposited in the city treasury as required by Sections 96.150 and 96.190, is to be deposited in a banking institution selected by the city in accordance with Sections95.280 and 95.285.
Your third question asks whether the board of trustees of a city hospital may set up and maintain a special irrevocable trust to which all funds of the hospital are transferred. Because of our answers to your first two questions, it is not necessary to address your third question. It is sufficient to reiterate that Sections 96.150 and 96.190 expressly provide that city hospital moneys are to be maintained in a separate fund established for the facility in the city treasury. But cf.
Attorney General Opinion No. 234, O'Halloran, 1972, a copy of which is enclosed, discussing statutes which expressly provided authority for a library district to invest funds in the name of the district.
CONCLUSION
It is the opinion of this office that (1) all moneys of a city hospital established pursuant to Sections 96.150 to 96.228, RSMo, generated from taxes, donations and from any other source are to be deposited in the city treasury to the credit of a separate fund established for the facility and (2) the depositary for the facility fund is to be selected by the city in accordance with Sections 95.280 and 95.285, RSMo 1986.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 54, Strong, 1977 Opinion No. 234, O'Halloran, 1972
[1] Section 96.210, RSMo 1986, provides:
 96.210. Bequests, donations — board to be special trustees. — Any person making bequests or donations to such facility shall have the right to vest the title to the real estate or personal property so bequeathed or donated in the board and to be held and controlled by the board, and to all such property the board shall be held to be special trustees.
Based on the information you provided along with your opinion request, we understand the funds about which you are concerned were accumulated from the operation of the hospital. Therefore, we need not consider a situation where a person making a bequest or donation has exercised the rights granted by Section 96.210.