CITY OF DELLWOOD, Respondent,

v.

Barbara Ann LATTIMORE, et al., Appellants.

No. 62470.

Missouri Court of Appeals, Eastern District, Division Four.

July 6, 1993.

Stephen C. Murphy, Elizabeth D. Odell, King, Koster & Murphy, Clayton, for appellants.

Edward J. Deghroony, Sp. Pros. Atty., St. Louis, for respondent.

SIMON, Judge.

Barbara Ann Lattimore and Rich Goldschmidt, appellants, appeal their convictions in the Circuit Court of St. Louis County for violation of § 2–33 of the Municipal Code of the City of Dellwood (§ 2–33) for failing to obtain a permit and pay the requisite fee of fifty dollars before posting a "for sale" sign on appellant Lattimore's property. Upon conviction, each was fined twenty-five dollars and costs.

On appeal, appellants claim the trial court erred in finding them guilty of violating § 2–33 in that the ordinance (1) violates § 67.317 R.S.Mo. (1986) (all further statutory references shall be to 1986 unless otherwise noted); and (2) violates their right to freedom of speech as guaranteed by the United States and Missouri Constitutions. We reverse.

The case was submitted to the trial court on stipulated facts. Barbara Ann Lattimore owned a single-family residence in the City of Dellwood. She signed a listing agreement with a licensed real estate broker, Rich Goldschmidt, to sell her house, and between April 25, 1990 and May 14, 1990 authorized Goldschmidt to place a "for sale" sign owned by him on the front lawn of her property. At no time prior to the placing of the "for sale" sign did either obtain a sign permit from the City of Dellwood or pay the fee of fifty dollars as required by § 2–33. Prior to April 25, 1990, Rich Goldschmidt was aware that the City of Dellwood required a permit and payment of a fifty dollar fee for the posting of "for sale" signs in residential or commercial districts. On April 25, 1990 and May 14, 1990 respectively, Goldschmidt and Lattimore were charged by information in the Municipal Court of Dellwood with violating § 2–33. The cases were certified to the Circuit Court of St. Louis County for trial and appellants were convicted.

Attached as exhibits and incorporated by reference in the stipulation of facts are copies of various sign regulation ordinances: 1) Ordinance number 528, passed and adopted on February 13, 1973, amending § 502.04 of the Municipal Code of the City of Dellwood by adding subsections (k) and (l) which respectively prohibited all signs in residential districts and provided a penalty for violation; 2) Ordinance number

917, passed on June 23, 1986, repealing § 502.04(k) and enacting a new § 502.04(k) allowing "for sale" and "for lease" signs in residential districts, in express compliance with § 67.317 R.S.Mo., providing various regulations regarding those signs, and including a preamble stating that the City of Dellwood had previously prohibited all signs in residential districts, that the City of Dellwood, within the limitations of § 67.-317 R.S.Mo., desired to maintain the beauty and aesthetics of its residential neighborhoods, and that the City of Dellwood was concerned that a proliferation of signs would detract from the beauty and aesthetics of its residential neighborhoods; 3) Ordinance number 922, passed September 8, 1986, amending paragraphs (5) and (6) of § 502.04(k) which pertain to timely removal of signs and limit the permissible content of signs to that required to be allowed under § 67.317 R.S.Mo.; and 4) Ordinance number 916, passed May 27, 1986, authorizing a special election by the qualified voters of the City of Dellwood to consider a proposition to change the amount of the sign permit fee to fifty dollars per sign in both residential and commercial districts. It was stipulated that the permit fee of fifty dollars was approved by the qualified voters of the City of Dellwood in a special election held on August 5, 1986, and that prior to this special election, the City of Dellwood required a permit fee for the erection of signs in commercial districts based upon a formula of five dollars plus fifty cents per square foot for each square foot in excess of forty square feet. It was also stipulated that § 2–33 of the 1989 Dellwood Municipal Code superseded § 502.04 of the 1972 Code as amended by Ordinances 916, 917 and 922.

Section 2–33, incorporated by reference in the stipulation of facts, requires an application to the Board of Aldermen for the erection of any sign within the City of Dellwood. Section 2–33 also provides for extensive regulation of the erection, design, size, placement, supports, and materials to be used in all signs to be erected in Dellwood. Subsection (k) of § 2–33, pertaining to signs in residential districts, provides as follows:

In all residential districts any owner of an interest in real property or his agent may display on the property a sign advertising that the property interest is for sale, lease or exchange by the owner or his agent; the owner's or agent's names; and the owner's or agent's address and telephone number. The dimensions and regulations for such permitted signs shall be as follows:

(1) Only one (1) sign may be erected on a subject property.

(2) The facing of a sign where advertising is to appear shall not be more than three (3) feet in length and two (2) facings.

(3) The maximum height of such signs shall not be more than five (5) feet above ground level and there shall not be more than two (2) supporting poles for each sign, such supporting poles not to exceed four (4) inches by four (4) inches in pole sides.

(4) No such sign shall be placed on any easement or public right-of-way but must be on the real property offered for sale or lease but not on any building or structure on such real property.

(5) Any such sign must be removed by the real property owner, if the property is sold without an agent, within twenty-four (24) hours of the sale of such real property, or within twenty-four (24) hours of the leasing or exchange of such real property. If the property is sold through an agent, any such sign must be removed by the agent within twenty-four (24) hours of the sale of such real property, or within twenty-four (24) hours of the leasing or exchange of such real property.

(6) The only advertising permitted on such sign is language indicating that the property interest is for sale, lease or exchange. No additions or attachments indicating that the property has actually been sold, leased or exchanged is permitted. Such additions or attachments are unnecessary if a sale, lease or exchange has taken place. The advertising sign itself shall be removed by the real property owner

or his agent within twenty-four (24) hours as specified in subsection (5) above upon consummation of the transaction.

(7) The cost of securing a permit for the erection of a sign in a residential district shall be based upon the same formula as specified for commercial districts in subsection (i) of this section.

(8) No other signs shall be permitted in residential districts.

 Since this was a court tried case upon stipulated facts, the only question for review is whether the trial court drew the proper legal conclusions from the stipulated facts. *Miskimen v. Kansas City Star Co.*, 684 S.W.2d 394, 398[1] (Mo.App. 1984). We only address the legal consequences of the stipulated facts and submitted exhibits. *Id.* In his entry of appearance, appellants' counsel entered a plea of "not guilty" on behalf of appellants on the grounds that the ordinance is violative of appellants' rights under the First Amendment and § 67.317 R.S.Mo. As such, we view these claims as rejected by the trial court's finding of guilt beyond a reasonable doubt. Though the law in Missouri considers violations of municipal ordinances to be civil matters, a finding of guilt beyond a reasonable doubt is required because of the quasi-criminal aspects involved. *City of Cape Girardeau v. Jones*, 725 S.W.2d 904, 907[1] (Mo.App.1987).

Appellants' first point is that the trial court erred in finding them guilty of violating § 2–33 because the ordinance required a permit and payment of a fifty dollar fee as a prerequisite to posting a "for sale" sign on residential property in violation § 67.317 R.S.Mo., which provides:

No political subdivision of this state shall enact or enforce any ordinance which forbids or restricts the right of any owner of an interest in real property or his agent from displaying on the property a sign of reasonable dimensions, as may be determined by local ordinance, advertising:

(1) The property interest is for sale, lease or exchange by the owner or his agent;

(2) The owner's or agent's names; and

(3) The owner's or agent's address and telephone number.

Appellants take issue with § 2–33, claiming that the permit and fee requirements of subsection (k) violate § 67.317 R.S.Mo. in that they "restrict" the right to put a "for sale" sign on real property. Aside from the permit and fee requirements, appellants do not contend that any of the other regulations imposed by § 2–33 violate § 67.317 R.S.Mo.

 Section 67.317 R.S.Mo. prohibits political subdivisions of this state from forbidding or restricting the posting of "for sale" signs on real property, but this section explicitly provides, however, that the reasonable dimensions of such signs may be determined by local ordinance. As such, the statute does allow for some regulation by municipalities of "for sale" signs. Municipalities, then, rely on their police power in order to establish and enforce reasonable size restrictions of "for sale" signs posted within their corporate limits. *See, Real Estate Board of Metropolitan St. Louis v. City of Jennings*, 808 S.W.2d 7, 9[3, 5] (Mo.App.1991). Generally, "where a fee is imposed for the purpose of regulation, and the statute requires compliance with certain conditions in addition to the payment of the prescribed sum, such sum is a license proper, imposed by virtue of the police power...." 33 Am Jur, Licenses § 19. Regulatory fees are justified as incidental to the exercise of the police power. *Lodge of the Ozarks v. City of Branson*, 796 S.W.2d 646, 656[11] (Mo.App.1990). Permit fees enacted pursuant to the police power may only be required to the extent reasonably necessary to cover the costs of granting the permit, and of investigating, inspecting and exercising police supervision. *See generally*, 9 McQuillin Mun Corp § 26.36 (3rd Ed.1986).

 Here, § 2–33, while not forbidding "for sale" signs in the City of Dellwood, provides for extensive regulation of the features of the signs. As previously

stated, the preamble to Ordinance number 917 states that the City of Dellwood has previously prohibited all signs in residential districts, that within the limitations of § 67.317 R.S.Mo. the City of Dellwood desires to maintain the beauty and aesthetics of its residential neighborhoods, and that the City of Dellwood is concerned that a proliferation of signs would detract from the beauty and aesthetics of its residential neighborhoods. These are proper concerns to be addressed through the police power of a municipality. 7 McQuillin Mun Corp § 24.382 (3rd Ed.1986). Within the proscription of § 67.317 R.S.Mo., then, the City of Dellwood has the right to collect such fees as are reasonable and incidental to and in reimbursement for the necessary expenses of the permissible regulation of "for sale" signs within its corporate limits.

■ Generally municipal ordinances are presumed reasonable, and the party challenging the ordinance normally has the burden to demonstrate unreasonableness, 9 McQuillin Mun Corp § 26.34 (3rd Ed.1986), but where a municipal ordinance imposes a fee which threatens to interfere with a right guaranteed by the First Amendment, the burden of proving the reasonableness of the fee rests with the municipality. *Id.; see also, Busey v. District of Columbia,* 138 F.2d 592, 595[5] (D.C.Cir.1943); *Chester Branch, N.A.A.C.P. v. City of Chester,* 253 F.Supp. 707, 712[4, 5] (E.D.Pa.1966); *City of Minot v. Central Ave. News, Inc.,* 308 N.W.2d 851, 860[11] (N.D.1981). Here, First Amendment concerns are implicated, as the posting of "for sale" signs is a form of commercial speech protected by the First Amendment. *See, Linmark Associates, Inc. v. Township of Willingboro,* 431 U.S. 85, 97 S.Ct. 1614, 52 L.Ed.2d 155 (1977). Thus, the City of Dellwood bears the burden of demonstrating the reasonableness of the fifty dollar permit fee. The record before us, however, is devoid of evidence pertaining to any costs incurred by the City of Dellwood in its inspection or regulation of "for sale" signs or any other kind of sign. On the record presented, therefore, the City of Dellwood has not carried its burden of showing the permit fee provisions of § 2–33 to be reasonable and not violative of the prohibition of § 67.-317 R.S.Mo.

In *City of Jennings,* 808 S.W.2d at 7, we upheld the trial court's finding that restrictions on the size of "for sale" signs to 6 inches by 12 inches and 6 inches by 13 inches were unreasonable. In *City of Jennings,* there was evidence that signs of that size were not large enough to catch the attention of potential buyers who were driving by, and that the signs were not readily discernable from the street. *Id.,* at 10. We held that the size restrictions for real estate signs did not bear any rational relation to the health, safety, comfort or general welfare of community residents, and that the particular size restrictions were arbitrary and unreasonable within the meaning of § 67.317 R.S.Mo.

■ Here, we have no basis, as in *City of Jennings,* to say that the fee provision is unreasonable "on its face" within the meaning of § 67.317 R.S.Mo. Here, the regulations of § 2–33 advance the City of Dellwood's legitimate interest in preserving the aesthetics of its residential neighborhoods. Thus, a permit fee, exacted in order to pay for the permissible regulation, does bear a rational relation to the general welfare of residents of the City of Dellwood. The fifty dollar amount of the fee is not so high as to cause us to say that, on its face, it is not designed to cover the costs associated with administration and enforcement of § 2–33.

Since there is no evidence to justify the fee in terms of recovery of administrative costs, appellants' convictions must be reversed.

Since appellants' first point is dispositive, discussion of the constitutional issues raised in their second point is not necessary.

Reversed.

CARL R. GAERTNER, P.J., concurs.

CRAHAN, J., concurs in result in separate opinion.

CRAHAN, Judge, concurring in result.

I concur in the reversal of the convictions in this case but cannot concur in the majority's reasoning. The power of municipalities to enact ordinances with respect to the placement of real estate signs has been narrowly circumscribed by § 67.317 RSMo. 1986, which provides:

No political subdivision of this state shall enact or enforce any ordinance which forbids or restricts the right of any owner of an interest in real property or his agent from displaying on the property a sign of reasonable dimensions, as may be determined by local ordinance, advertising:

(1) The property interest is for sale, lease or exchange by the owner or his agent;

(2) The owner's or agent's names; and

(3) The owner's or agent's address and telephone number.

Here, the City of Dellwood has enacted an ordinance which not only determines the reasonable dimensions of "for sale" signs but also requires, *as a condition precedent to the display of lawful signs*, that residents obtain a permit and tender a fee of fifty dollars or face prosecution for violation of the ordinance. The majority opinion holds that the City of Dellwood has the power to require residents and their agents to obtain a permit and to pay a reasonable fee but that the convictions before us must be reversed because the City failed to establish that the fee imposed by this ordinance was reasonably designed to recover the costs associated with administration and enforcement of the ordinance.

There is no contention that the sign erected in this case exceeds the dimensions established by ordinance. Thus, on its face, the requirement of obtaining a permit and paying a fee *prior to erecting an otherwise lawful sign* unquestionably "restricts the right of [an] owner of an interest in real property or his agent from displaying on the property a sign of reasonable dimensions, as may be determined by local ordinance." Whatever power municipalities may otherwise enjoy to impose permit requirements and fees generally, such power has been expressly foreclosed by the legislature in this particular area insofar as it restricts the rights of property owners to erect signs of the dimensions specified by local ordinance. As the majority apparently recognizes, the ordinance violation at issue is not the erection of a sign exceeding the specified dimensions, it is the failure to obtain a permit and pay a fee prior to erecting the sign. Such requirements are restrictions on the owner's rights secured by statute and are therefore unenforceable on that basis. The majority opinion does not hold that the permit and fee requirements are not restrictions but implies that such restrictions are permissible to the extent they are reasonable. The statute makes no such distinctions.

In view of the express and unambiguous statutory prohibition against enactment or enforcement of ordinances restricting owners' rights to display signs of lawful dimensions, it is unnecessary to reach the constitutional issues presented. However, to the extent that the majority opinion holds that the permit and fee provisions are not facially invalid, I would respectfully suggest that such provisions constitute invalid prior restraints upon protected speech. Inasmuch as the imposition of such prior restraints are not the least restrictive means available to the City to accomplish its objectives, they violate the First Amendment. The City could accomplish all of its objectives by exacting a suitable fine for displaying a sign in excess of the dimensions specified. It may not, however, require its residents to "ask permission" to display a sign that satisfies the size and content requirements of the ordinance, or exact a fee for the privilege—especially a privilege secured by state statute.