**CITY OF DELLWOOD, Respondent,**

v.

**Mary TWYFORD and John Massa, Appellants.**

No. 78186.

Supreme Court of Missouri,
En Banc.

Dec. 19, 1995.

Stephen C. Murphy, Clayton, for Appellants.

Edward J. Deghroony, St. Louis, for Respondent.

ROBERTSON, Judge.

Section 67.317, RSMo 1994, forbids political subdivisions from restricting persons owning real estate or their agents from displaying signs advertising real property for sale, lease or exchange. An ordinance of the City of Dellwood (the City) requires a landowner and/or real estate agent to pay a $50.00 fee and obtain a permit before posting a sign advertising property for sale, lease or exchange on the landowner's property. The issue in this case is whether the ordinance conflicts with section 67.317, RSMo1994.

The trial court found appellants guilty of violating the ordinance. The Court of Appeals, Eastern District, reversed and transferred the case to this Court on the ground that its opinion conflicted with *City of Dellwood v. Lattimore*, 857 S.W.2d 513 (Mo.App. 1993). We have jurisdiction, Mo. Const. art. V, § 10, and reverse the judgment of the trial court.

I.

Appellant Mary Twyford owned a single-family residence situated on real property in the City. Twyford authorized appellant John Massa, a real estate agent, to post a sign on her property advertising that the property was for sale. Massa posted the sign without obtaining the permit or paying the $50.00 fee required by section 2–33 of the City's municipal code. The City prosecuted both Twyford and Massa for violation of the ordinance. The trial court found the appellants guilty and fined them $25.00 and costs.

II.

The dispositive issue is whether the City's ordinance conflicts with section 67.317. Appellants contend that it does. We agree.

"A municipality derives its governmental powers from the state and exercises generally only such governmental functions as are expressly or impliedly granted it by the state." *Century 21 v. City of Jennings*, 700 S.W.2d 809, 811 (Mo. banc 1985). A municipal ordinance that conflicts with the general law of the state is void. *Morrow v. City of Kansas City*, 788 S.W.2d 278, 281 (Mo. banc 1990). In determining whether a municipal ordinance conflicts with a state statute, the test is "whether the ordinance permits that which the statute forbids and prohibits, and vice-versa." *Id.* at 281 (*quoting* N. Singer, *Sutherland Stat. Const.* § 30.05 (4th ed. 1985)).

Section 2–33 of the City's municipal code provides:

(a) No sign shall be erected within the city unless the person desiring to erect such sign shall first make application therefor [sic] to the board of aldermen, submitting such required drawings and sketches of the proposed sign as shall clearly, in the judgment of the board of aldermen, indicate the manner of erection, design, placement of sign, materials to be used in the sign and supports thereof, and any other relevant information which in the judgment of the board of aldermen may be deemed necessary and proper.

\*    \*    \*    \*    \*    \*

(i) The cost of obtaining a permit to erect a sign shall be fifty dollars ($50.00) per sign.

At oral argument, counsel for the City agreed that the plain words of the ordinance require an application and payment of the fifty-dollar fee each time a property owner or real estate agent wishes to erect a sign advertising that property is for sale.

Section 67.317, RSMo1994, provides:

No political subdivision of this state shall enact or enforce any ordinance which forbids or restricts the right of any owner of an interest in real property or his agent

from displaying on the property a sign of reasonable dimensions, as may be determined by local ordinance, advertising:

(1) The property interest is for sale, lease or exchange by owner or his agent;

(2) The owner's or agent's names; and

(3) The owner's or agent's address and telephone number.

 In construing statutes, courts "consider words used in the statute in their plain and ordinary meaning." *Farmers' & Laborers' v. Director of Revenue*, 742 S.W.2d 141, 145 (Mo. banc 1987). The plain and ordinary meaning is found in the dictionary. *Asbury v. Lombardi*, 846 S.W.2d 196 (Mo. banc 1993).

 To "restrict" is to "check free activity." *Webster's Third New International Dictionary* 1937 (1976). A "right," as used in the context of section 67.317, is a "privilege vested in a person by the law to demand forbearance at the hands of another: ... a ... privilege the enjoyment of which is secured to a person by law." *Id.* at 1955. Thus, the statute bars the City from adopting an ordinance that places checks on the privilege of an owner of real property or his or her agent to display a sign announcing the sale of real estate.

The statute does not countenance a totally unfettered right to display a sign, however. Section 67.317 permits the City to impose reasonable dimension restrictions on real estate signs. The statute does not authorize the City to adopt any other restrictions.

 On its face, the ordinance under scrutiny does more than restrict the dimensions of the real estate sign. It requires approval by the board of aldermen and payment of a fee prior to the display of a real estate sign. These requirements erect conditions precedent to the display of a real estate sign. Failure to meet these conditions results in punitive sanctions imposed for ordinance violations even if the sign is subsequently approved for display. This is so whether or not the board of aldermen has previously approved a sign bearing identical dimensions for placement in another location.

 The prior approval and fee restriction imposed by Ordinance 2–33 on the display of real estate signs is forbidden by section 67.317. When the General Assembly authorizes a city to exercise a power in a particular manner, the "right to exercise the power in any other manner is necessarily denied." *Pearson v. City of Washington*, 439 S.W.2d 756, 760 (Mo.1969) (*quoting State v. McWilliams*, 335 Mo. 816, 74 S.W.2d 363, 364–65 (1934)). Because section 67.317 prohibits what the City requires, Ordinance 2–33 is invalid.

The City relies on *City of Dellwood v. Lattimore*, 857 S.W.2d 513 (Mo.App.1993). That case is factually identical to this one. In *Lattimore*, the court of appeals upheld a similar challenge to Ordinance 2–33. *Lattimore* holds that, notwithstanding section 67.317, the City has the authority to require home owners and their agents to pay a fee and obtain a permit before erecting real estate signs so long as the fee is reasonable. *Lattimore* reversed the ordinance violation convictions, however, because the City failed to establish the reasonableness of its fee.

For the reasons previously expressed, *Lattimore* is not correct and must be overruled.

### III.

The judgment of the trial court is reversed.

HOLSTEIN, C.J., BENTON, PRICE, LIMBAUGH and COVINGTON, JJ., and SHANGLER, Special Judge, concur.

WHITE, J., not sitting.