**ST. CHARLES COUNTY AMBU-LANCE DISTRICT, Plain-tiff–Appellant,**

v.

**TOWN OF DARDENNE PRAIRIE, Defendant–Respondent.**

**No. ED 78284.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 6, 2001.

Kevin T. McLaughlin, Michael E. Kaemmerer, Chesterfield, for appellant.

Charles E. Callier, Jr., Mary C. Bonacorsi, St. Louis, for respondent.

MOONEY, P.J.

St. Charles County Ambulance District appeals from a decision of the Town of Dardenne Prairie granting a conditional use permit with restrictions that allows the District to build an ambulance base in the town, but prohibits the use of a siren in specific areas at certain times. The District contends that Dardenne Prairie erred in restricting the permit because: (1) it is an abuse of discretion to impose restrictions that are not supported by competent and substantial evidence; (2) the Missouri legislature has preempted the Town from regulating when an ambulance may sound its siren; and (3) the Missouri Constitution prohibits such regulation relative to the District's stated purposes of providing for the public health, safety, and welfare. We reverse and remand.

## Facts

The District purchased property in an area of Dardenne Prairie that was zoned primarily for single-family homes on large lots. The District notified the Planning and Zoning Commission of its intent to build an emergency medical personnel base station, or ambulance base, and applied for a conditional use permit with that body. Both the Planning and Zoning Commission and the Dardenne Prairie Board of Trustees held public hearings regarding the application at which the District presented evidence for approval and several Dardenne Prairie residents spoke against the permit. After its hearing, the Board of Trustees approved the permit application with restrictions and issued its final version of findings of fact and conclusions of law, including the restriction at issue in this case. The conditional use permit restriction at issue here prohibits an ambulance driver from sounding the vehicle's siren when responding to emergency calls between 10 p.m. and 6 a.m. in specific areas around the base. The District filed its challenge to the siren restriction in the St. Charles County Circuit Court which ruled against the District. The District filed this timely appeal.

## Analysis

In its second point on appeal, the District argues that the trial court erred in restricting the conditional use permit because Dardenne Prairie does not have the authority to regulate the hours when an ambulance may sound its siren. According to the District, Dardenne Prairie's action is preempted by Section 304.022 RSMo. Supp. (2001), which regulates when an ambulance may use its siren. We agree. Because the second point of error regarding preemption is dispositive, we do not address the other points.

We review Dardenne Prairie's regulatory action de novo under Section 536.140.3 RSMo. (1994). The issue of preemption may be divided into two questions: 1) Has the Missouri legislature expressly preempted the area?; and 2) Is the city's regulation in conflict with state law? *Page Western, Inc. v. Community Fire Protection Dist. of St. Louis County,* 636 S.W.2d 65, 66 (Mo. banc 1982). In construing statutes to determine whether the

area of regulation has been expressly preempted, we look to the statute's plain and ordinary meaning. *City of Dellwood v. Twyford*, 912 S.W.2d 58, 60 (Mo. banc 1995). In addition, we note that a municipality may enact regulations that supplement or enlarge upon provisions of a state statute by requiring more than what is required in the statute. *Id.* at 67. However, when the expressed or implied provisions of the local regulation and the state statute are inconsistent and in irreconcilable conflict, then the local regulation is void. *Id.* A conflict exists if the local regulation "permits what the statute prohibits" or "prohibits what the statute permits." *Id., quoting, City of St. Louis v. Klausmeier*, 213 Mo. 119, 112 S.W. 516, 518–519 (1908).

With these principles in mind, we turn to the language of Section 304.022.4, which regulates when an ambulance may sound its siren:

(1) The driver of any vehicle referred to in subsection 3 of this section shall not sound the siren thereon or have the front red lights or blue lights on except when such vehicle is responding to an emergency call or when in pursuit of an actual or suspected law violator, or when responding to, but not returning from, a fire;...[1]

(2) The driver of an emergency vehicle may:

(a) Park or stand irrespective of the provisions of section 304.014 to 304.026;

(b) Proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation;

(c) Exceed prima facie speed limit so long as the driver does not endanger life or property;

(d) Disregard regulations governing direction of movement or turning in specified directions;

(3) The exemptions herein granted to an emergency vehicle shall apply only when the driver of any such vehicle while in motion sounds audible signal by bell, siren, or exhaust whistle *as may be reasonably necessary*, and when the vehicle is equipped with at least one lighted lamp displaying a red light or blue light visible under normal atmospheric conditions from a distance of five hundred feet to the front of such vehicle. (emphasis added).

The plain and ordinary language of Subsection 1 restricts an ambulance driver to using the siren only when responding to emergency calls. Subsection 2 permits an ambulance driver to break certain traffic laws. However, Subsection 3 states that the driver may only be exempt from those traffic laws if the driver sounds the vehicle's siren.

Because the statute does not specifically prohibit municipalities from regulating ambulances, there is no express preemption. Therefore, we turn to the conditional use permit restriction to assess whether it conflicts with the state statute. The restriction limits when and where an ambulance may sound its siren as follows:

District emergency ambulance vehicles shall not use emergency sirens in response to emergency calls, between the hours of 10:00 p.m. and 6:00 a.m., while travelling from the Property on Feise Road until Feise Road intersects with Bryan Road, and while travelling on Stump Road from the Property to Highway N, and from the Property on Feise Road until Feise Road intersects with Duvall Ct.

■ The limitation on the use of an ambulance siren directly conflicts with the statute by prohibiting an activity that the statute expressly permits. The permit re-

---

**1.** Section 304.022.3(2) states that a vehicle operated as an ambulance is an "emergency vehicle."

striction absolutely bars using the siren at certain times and in specific locations. Yet, the language "as may be reasonably necessary" in Section 304.022.4(3) vests an ambulance driver with discretion to sound the siren if the driver is to avoid the sanctions of certain traffic laws. The conditional use permit restriction would negate this grant of power. According to the restriction, an ambulance driver may not exercise his or her discretion if travelling certain roads at night. While a municipality may impose additional restrictions when the state has not preempted the area of regulation, it may not impose restrictions that conflict with state law. *National Advertising Co. v. Missouri State Highway and Transportation Comm'n*, 862 S.W.2d 953, 955 (Mo.App. E.D.1993). The state law is paramount. *Vest v. Kansas City*, 355 Mo. 1, 194 S.W.2d 38, 39 (1946). Therefore, Dardenne Prairie's restriction on siren use is invalid.

The legislature granted an ambulance driver discretion to sound the siren and freedom to violate traffic laws so that life-saving services may be quickly rendered to the sick and injured. Because the restriction "prohibits what the statute permits," the siren restriction is void.

Judgment reversed and remanded for proceedings consistent with this opinion.

SIMON and SULLIVAN, JJ., concur.

