**SCHNUCK MARKETS, INC.,**
**Plaintiff/Appellant,**

v.

**CITY OF BRIDGETON,**
**Defendant/Respondent.**

No. 66183.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 7, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 7, 1995.

Application to Transfer Denied April 25, 1995.

164

Gerald R. Ortbals, Lawrence S. Denk, Greensfelder, Hemker & Gale, St. Louis, for appellant.

William A. Richter, Earl Robert Schultz, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, for respondent.

AHRENS, Presiding Judge.

Plaintiff Schnuck Markets, Inc., (Schnucks) challenges the validity of a municipal ordinance of Bridgeton which forbids the operation of engines or compressors on stationary trucks within one thousand feet of an occupied residential structure at night. The trial court granted Bridgeton's motion for summary judgment against Schnucks. We affirm in part and reverse and remand in part.

When considering appeals from summary judgments, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* We accord the non-movant the benefit of all reasonable inferences from the record. *Id.*

Schnucks owns and operates an office and warehouse complex located in Bridgeton. For a number of years, Schnucks has used its privately owned parking lot at the complex for overnight parking of refrigerated trucks carrying perishables.

In 1985, Bridgeton Ordinance No. 85–17 was enacted to prohibit nighttime operation of truck engines and compressors near inhabited residential homes. In 1987, Schnucks sought to expand its complex in Bridgeton with plans to expand the parking lot. After applying to Bridgeton for the proper building permits, several meetings were held between both parties, and the permits were issued in September, 1987. Schnucks expended over four million dollars in the expansion of the complex and over $25,000.00 to complete the parking lot addition.

On July 6, 1988, Bridgeton enacted ordinance § 325.050, which repealed ordinance 85–17, but which reenacted the prohibition against nighttime operation of truck engines and compressors near inhabited residential areas. Bridgeton Ordinance § 325.050(A)(3) for "On–Street Parking or Storage" provides:

It shall be unlawful for any vehicle operator, or the owner of any property upon which said vehicle is parked, or the property owner's agent, to cause, allow, or permit any refrigeration compressor, motor, or other refrigeration equipment or any vehicular engine on any truck, trailer, tractor, tractor-trailer or other commercial vehicle, except in emergencies, to run or operate while any such vehicle is parked or placed within one thousand (1,000) feet of an occupied residential structure between the hours of 8:00 P.M. in the evening to 8:00 A.M. the following day.

Bridgeton Ordinance § 325.050(B)(4) for "Off–Street Parking or Storage" provides:

No semi-truck tractor or semi-trailer shall be permitted to be stored in any off-street parking area unless in a loading or an unloading area, or in a motel-hotel lot when its owner or driver is registered as a guest; provided however, it shall be unlawful for any vehicle operator, or the owner of any property upon which said vehicle is parked, or the property owner's agent, to cause, allow, or permit any refrigeration compressor, motor, or other refrigeration equipment or any vehicular engine, or any truck, trailer, tractor, tractor-trailer other commercial vehicle, to run or operate while any such vehicle is parked or placed within one thousand (1,000) feet of an occupied residential structure between the hours of 8:00 P.M. in the evening to 8:00 A.M. the following day.

On April 16, 1992, Bridgeton police served Schnucks with a complaint and summons. Schnucks was cited with a violation of Bridgeton Ordinance § 325.050 Section 3,[1] for operating refrigerated trucks during the nighttime at their complex parking lot within 1,000 feet of occupied residential structures. The trial for the alleged violation has been stayed by mutual agreement of the parties pending a resolution of the claims here.

On November 13, 1992, Schnucks filed this action contesting the validity of the ordinance, for declaratory and injunctive relief and for damages. In Count I, Schnucks asserted a claim of equitable estoppel against Bridgeton.[2] In Count II, Schnucks claims that the enforcement of the ordinance as applied to Schnucks is unreasonable, arbitrary, and confiscatory, and thus constitutes a deprivation of due process under the United States Constitution. Count III is a claim of inverse condemnation. On a motion by Bridgeton, the trial court granted summary judgment in favor of Bridgeton and against Schnucks on all counts of Schnucks's amended petition.

Our review is essentially *de novo*. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. *ITT*, 854 S.W.2d at 376. Since the propriety of summary judgment is purely an issue of law, we need not defer to the trial court's order granting summary judgment. *Id.*

■ Summary judgment is appropriate where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law. *Id.*; Rule 74.04. In order to make a prima facie showing that summary judgment is proper, a defending party may "establish a right to judgment by showing (1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense." *ITT*, 854 S.W.2d at 381. When the movant makes a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of

---

1. In reviewing the municipal ordinance in the record, we find that § 325.050 Section 3 does not exist. As noted in the text of this opinion, Section (A)(3) deals with on-street parking or storage and Section (B)(4) concerns off-street parking or storage. The complaint does describe the violation as "Off Street Parking (Excessive Noise)."

2. Schnucks did not appeal the grant of summary judgment on this count.

law, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or otherwise ... shall set forth specific facts showing that there is a genuine issue for trial." *Id.;* Rule 74.04(e). The non-movant need only show that there is a genuine dispute as to the facts underlying the movant's right to judgment. *ITT,* 854 S.W.2d at 382. A "genuine issue" exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of at least one of the essential facts. *Id.*

In its first point on appeal, Schnucks contends that the trial court erred in granting summary judgment on Count II. Schnucks claims that genuine issues of material fact remain in dispute as to whether the enforcement of the ordinance against Schnucks is unreasonable, arbitrary and confiscatory, and thus a violation of Schnucks's due process rights under the Fourteen Amendment of the United States Constitution.[3]

■ Schnucks does not challenge the constitutional validity of the ordinance generally. Schnucks recognizes that a presumption of reasonableness attaches to ordinances enacted pursuant to a municipality's police powers. *Real Estate Bd. of Metropolitan St. Louis v. City of Jennings,* 808 S.W.2d 7, 9 (Mo.App.1991). The test of whether an ordinance is fairly referable to a legitimate exercise of police power is whether the expressed requirements of the ordinance have a substantial and rational relationship to the health, safety, peace, comfort and general welfare of the inhabitants of a municipality. *Id.* As an ordinance enacted pursuant to the valid police power of a city is presumed valid, the party challenging the ordinance bears the burden of proving its invalidity. *Home Builders Ass'n of Greater St. Louis v. City of St. Peters,* 868 S.W.2d 187, 189 (Mo.App. 1994). In the present case, Schnucks stated in its Amended Petition that "[t]he ordinance is a police power regulation enacted for the manifest purpose of abating noise pollution." Therefore, we need not discuss the general constitutional validity of the ordinance as it is presumed to be valid and Schnucks does not challenge the ordinance on those grounds.

■ However, Schnucks does challenge the enforcement of the ordinance *as applied* to Schnucks on the grounds that to do so would be unreasonable, arbitrary and confiscatory, and thus a violation of Schnucks's Fourteenth Amendment due process rights. Schnucks relies primarily on *City of St. Louis v. Brune,* 515 S.W.2d 471 (Mo. banc 1974) to support its claim. In *Brune,* our Supreme Court held as unconstitutional as applied a city ordinance requiring, *inter alia,* that each dwelling unit have a tub or shower bath properly connected to approved hot/cold water and sewage systems. The court stated that the ordinance was unconstitutional as applied because it was "unreasonable, arbitrary and confiscatory as so applied, and consequently a deprivation of due process; and that as so applied, it would have no substantial or reasonable relationship to the public health, welfare or safety." *Id.* at 476–77.

In examining the petition by Schnucks and the motion for summary judgment by Bridgeton, the following facts are not in issue: Schnucks was issued permits to expand its complex and Bridgeton knew of Schnucks's historical use of the parking lot for parking refrigerated trucks overnight preceding the enactment of both ordinances. The cost of expanding the warehouse was four million dollars, and an additional $25,000.00 for the parking lot. Finally, both parties agree that the ordinance is a police power regulation enacted for the manifest purpose of noise abatement.

In its petition, Schnucks asserts the following allegations in support of its claim that the ordinance is unreasonable as applied: it will cost Schnucks $250,000.00 to comply with the ordinance and constructing an alternate parking area will be a technical compliance at best and will have a negligible effect on ambient noise. Schnucks alleges that, as a result, the ordinance is unreasonable, arbitrary, and confiscatory as applied to Schnucks.

It first should be noted that Bridgeton asserts that cost of compliance is irrelevant,

---

**3.** Schnucks does not claim any violation under   the Missouri Constitution in this point.

citing *Mid–State Distributing v. City of Columbia,* 617 S.W.2d 419, 426 (Mo.App.1981). *Mid–State* is distinguishable from the present case in that the plaintiffs there alleged the ordinance was *unreasonable on its face* in an equal protection and due process claim. The claim in the present case, however, is that the ordinance is *unreasonable as applied* to Schnucks. In *Brune,* an unreasonable as applied case, our Supreme Court stated that cost "may be a material element in a consideration of the reasonableness of the law" where enforcement becomes confiscatory. *Brune,* 515 S.W.2d at 474.

As a threshold issue in a summary judgment case, we determine if the movant has established a prima facie showing required by Rule 74.04(c). To establish a right to judgment, Bridgeton must show (1) facts that negate any one of Schnucks's elements facts, or (2) that Schnucks, after an adequate period of discovery will not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of Schnucks's elements.[4]

In addressing the first possibility for a prima facie showing, we look to Bridgeton's motion to determine if it has set forth any facts which negate any one of the Schnucks's facts previously outlined. In its motion, in addition to the facts not in dispute, Bridgeton outlines the historical enactment of the ordinances, which includes a certified copy of the ordinance. Bridgeton states facts, supported by affidavit, that a "portion of the Schnuck property is within 1000 feet of residences and a portion of the property is more than 1000 feet distant from residences." Finally, Bridgeton states that it intends to enforce the ordinance against Schnucks. While helpful, these facts do not negate those alleged by Schnucks in support of its action for unreasonableness as applied. Bridgeton fails to address either claim by Schnucks regarding the cost of compliance or that spending the money on a new lot would only be a technical compliance.

In considering the second prong under *ITT,* Bridgeton has not alleged and has not shown that Schnucks will not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of its elements. In its summary judgment motion, Bridgeton has failed to address the elements of Schnucks's claim of unreasonableness as applied.

After reviewing the record and according all reasonable inferences to Schnucks, we find that Bridgeton failed to make a prima facie showing required by Rule 74.04(c) to establish a right to a judgment as a matter of law on Count II. Without reaching the merits, we hold that the motion of Bridgeton for summary judgment on Count II should have been denied.

In its second point, Schnucks contends the trial court erred in granting summary judgment on Count III for inverse condemnation in that genuine issues of material fact remain in dispute as to whether Bridgeton's enforcement of the ordinance with respect to Schnucks constituted a de facto exercise of eminent domain authority under Article I, § 26 of the Missouri Constitution.[5]

█ Section 26 of Article I states, in pertinent part: "That private property shall not be taken or damaged for public use without just compensation." Missouri courts have recognized a cause of action for inverse condemnation where private property has been taken or has been damaged for public use. *Harris v. Missouri Dept. of Conservation,* 755 S.W.2d 726, 729 (Mo.App.1988). A landowner seeking inverse condemnation "does not have to show an actual taking of property, but must plead and prove 'an invasion or appropriation of some valuable property right which the landowner has to the legal and proper use of his property, which invasion or appropriation directly and specially affect[s] the landowner to his injury.'" *Id.*

█ As the court in *Harris* outlines, the United States Supreme Court has long recognized a regulation which goes too far is a

---

4. The third possibility of establishing a prima facie showing focuses on a movant's affirmative defense, which is inapplicable in the present case.

5. Schnucks does not claim any violation under the United States Constitution for this point.

taking. *Id.* at 730, citing *Pennsylvania Coal Co. v. Mahon,* 260 U.S. 393, 43 S.Ct. 158, 67 L.Ed. 322 (1922). Police power actions which limit the use of private property can in certain instances constitute a de facto exercise under eminent domain with the landowner being entitled to just compensation. *Keystone Bituminous Coal Ass'n v. DeBenedictis,* 480 U.S. 470, 494, 107 S.Ct. 1232, 1247, 94 L.Ed.2d 472 (1987). The Supreme Court has indicated that three factors are of particular importance in determining whether a government regulation constitutes a taking of property. These factors are (1) the economic impact of the regulation; (2) the extent to which the regulation has interfered with distinct investment-backed expectations; and (3) the character of the government action. *Penn Central Transportation Co. v. New York,* 438 U.S. 104, 124, 98 S.Ct. 2646, 2659, 57 L.Ed.2d 631, 648 (1978). Restrictions on property promoting "the health, safety, morals, or general welfare" have been viewed as permissible governmental action even when prohibiting the most beneficial use of the property. *Id.,* 438 U.S. at 125, 98 S.Ct. at 2659, 57 L.Ed.2d at 649.

In the present case, the undisputed facts alleged in Count II remain relevant to Count III. In its petition, Schnucks asserts the following allegations in support of its claim for inverse condemnation. First, the enforcement of the ordinance has specially, directly and inordinately affected Schnucks to its detriment, constituting a confiscation of a valuable property right. Second, Schnucks has a reasonable investment-backed expectation that it could use the parking lot's expanded area for overnight parking of refrigerated trucks. Finally, Schnucks has not been compensated for this invasion and appropriation of its valuable property right.

In addressing the first possibility for a showing of a prima facie case under Rule 74.04(c), we again look to Bridgeton's motion to determine if it has set forth any facts which negate any one of Schnucks's facts set forth for this claim. In its motion, Bridgeton establishes the facts that the earlier ordinance 85–17 was in effect when Schnucks was issued building permits and began construction of the improvements of the complex. Bridgeton also states facts, supported by affidavit, that a "portion of the Schnuck property is within 1000 feet of residences and a portion of the property is more than 1000 feet distant from residences." Finally, Bridgeton states that it intends to enforce the ordinance against Schnucks.

After granting Schnucks all reasonable inferences in the record, we conclude that Bridgeton has made a prima facie showing for summary judgment for Count III. Rule 74.04(c). Bridgeton has negated the essential factual element of Schnucks that there was a reasonable investment-backed expectation that it could use the expanded parking lot for overnight parking of refrigerated trucks. The police power ordinance enacted for noise abatement was in effect when Schnucks began and completed the expansion of the complex. Even if Schnucks did not have actual notice that the ordinance had been enacted and was in effect, "everyone is conclusively presumed to know the law and that presumption applies to municipal ordinances." *Rose v. City of Riverside,* 827 S.W.2d 737, 738 (Mo.App.1992).

Once the movant Bridgeton establishes the prima facie showing required by Rule 74.04(c), Rule 74.04(e) shifts the burden to Schnucks to show by specific facts that there is a genuine issue for trial. Rule 74.04(e); *ITT,* 854 S.W.2d at 381. After reviewing the record, and granting Schnucks all favorable inferences, we conclude that Schnucks has not and cannot show that the material facts set forth by Bridgeton are in dispute. Schnucks has not set forth specific facts which contradict Bridgeton's showing that the ordinance was in effect when Schnucks began and completed its expansion. Therefore, we affirm the summary judgment granted to Bridgeton on Schnucks's Count III.

The judgment of the trial court is affirmed in part and reversed and remanded in part.

SIMON and KAROHL, JJ., concur.