**CITY OF PLEASANT VALLEY,**
**Missouri, Respondent,**

v.

**William BAKER, Appellant.**

**No. WD 55722.**

Missouri Court of Appeals,
Western District.

May 11, 1999.

Dennis J.C. Owens, Kansas City, for Appellant.

Larry S. Duccero, Liberty, for Respondent.

Before HANNA, P.J., ELLIS and RIEDERER, JJ.

PER CURIAM:

William Baker appeals from his conviction of various traffic ordinance violations occurring in Pleasant Valley, Missouri. Appellant claims that the trial court did not have jurisdiction, that it is unconstitutional for the City of Pleasant Valley to impose fines for violations of its city ordinances and that Pleasant Valley police officers impermissibly interfered with his liberty. We affirm.

### Facts

On July 14, 1997 at around 9:30 p.m., a Pleasant Valley police officer spotted Appellant driving a red Mazda pickup bearing expired (February 1997) license plates. Believing that he had seen the same truck approximately one week earlier, the officer directed Appellant to pull his truck over to the roadside. The uniformed officer then approached the truck and asked Appellant to produce his driver's license and proof of insurance. Thereafter, the officer returned to his patrol car and ran a registration check on the license plates, whereupon he received confirmation that the license plates were, in fact, expired.

Upon the arrival of a second patrol car, the initiating officer walked back to Appellant's truck, informed Appellant that he was under arrest and twice ordered him to exit the vehicle. Appellant responded by proceeding to drive away. At that moment, the officer's arm was extended into Appellant's vehicle, so upon Appellant's acceleration, the officer's elbow was struck by the rear of the pickup doorframe. The

officer returned to his patrol car and gave chase with emergency lights flashing and siren blaring. Appellant refused to pull over, however, and caused the officer to follow him for several blocks. Twice during the chase, Appellant failed to signal while turning. The journey finally ended when Appellant's vehicle came to a stop in the driveway of his residence. There, the officer forced Appellant out of the truck at gunpoint, handcuffed him and placed him under arrest.

Appellant was transported to the Pleasant Valley Police Department for booking and upon being unable to post bond, was then moved to the Clay County Detention Center. Counsel was appointed to Appellant. The Municipal Court Judge recused himself, and the case was transferred to the Clay County Circuit Court. On March 2, 1998, Appellant filed a motion to dismiss the charges of ordinance violations against him claiming that the ordinances were never formally adopted as ordinances of the City of Pleasant Valley. The motion to dismiss was denied. On March 16, 1998, a jury trial was held, and Appellant was convicted on the following four charges: one count of operating a motor vehicle with expired plates, two counts of failing to signal and one count of hindering and interfering with a law enforcement officer by fleeing. Appellant was fined $1,050 and sentenced to 4 days in jail. On April 13, 1998, the circuit court held a hearing on Appellant's motion for new trial and sentencing. The motion for a new trial was denied. Appellant also filed a motion to stay execution of sentence and a motion to arrest the judgment. The circuit court overruled both motions and entered a judgment of conviction but suspended execution of the sentence as to the four days of incarceration. Appellant was fined $1,050, but placed on two years probation with fifty hours of community service. This appeal ensued. This court appointed appellate counsel for Appellant. We note that Appellant has pursued a large number of issues in the course of this case, and appellate counsel has artfully spoken on those issues that have the most merit and argued those to this Court.

## Standard of Review (Motion for New Trial)

Denial of motion for a new trial is reviewed for abuse of discretion. *Kansas City v. Keene Corp.*, 855 S.W.2d 360 (Mo. banc 1993). An abuse of discretion exists when reasonable persons could not differ as to the propriety of the action taken by the trial court. *State v. Taylor*, 917 S.W.2d 222, 226 (Mo.App.1996).

## Standard of Review (Criminal Conviction)

The trial court's judgment will be sustained unless no substantial evidence supports the trial court's decision, the court's judgment is against the weight of the evidence, or the trial court erroneously declared or applied the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). In reviewing the sufficiency of the evidence to support a criminal conviction, we give deference to the trier of fact. *State v. Grim*, 854 S.W.2d 403, 414 (Mo. banc 1993). Our standard of review is whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *Id.* (citing, *State v. Dulany*, 781 S.W.2d 52 (Mo. banc 1989)). We view the evidence in the light most favorable to the prosecution. *Id.*

### I.

In Appellant's first point, he argues that the trial court erred in exercising jurisdiction over him. Specifically, Appellant argues that the City of Pleasant Valley is a municipal corporation and an administrative agency of the State of Missouri, and as an administrative agency, the city has no jurisdiction over him. Thus, Appellant argues, as a tribunal of the administrative agency (Pleasant Valley), the trial court had no jurisdiction over him either. He further argues that allowing

administrative bodies to determine traffic violations diverts judicial power from the judicial branch of the government and thereby violates the strict separation of powers mandated by Article II, Section 1 of the Missouri Constitution.

■ Appellant is correct that an administrative agency has no authority to determine whether or not a specific act is criminally punishable. *State v. Raccagno,* 530 S.W.2d 699, 704 (Mo.1975). However, we disagree with Appellant's characterization of Respondent as an administrative agency. Section 536.010(1) of the Missouri Administrative Procedure Act defines "agency" as "any administrative officer or body existing under the constitution or by law and authorized by law or the constitution to make rules or to adjudicate contested cases." There is no evidence in the record that Respondent falls within this definition. Furthermore, it was the court, not the municipality, which determined that Appellant's acts were punishable. Appellant was charged with violating six city ordinances (210.140, 310.130, 325.070, 385.110, 385.150 and 385.240). Section 479.010 provides that, "Violations of municipal ordinances shall be tried only before divisions of the circuit court ..." The Associate Circuit Court of Clay County, Division 7, where this case was tried, is a division of the circuit court and had jurisdiction to try this case charging violations of municipal ordinances. Point denied.

## II.

■ In his second point on appeal, Appellant argues that the trial court erred in levying a fine against him, because it is unconstitutional for the City of Pleasant Valley to impose fines for violations of its ordinances. Although Appellant acknowledges that § 79.470 allows Pleasant Valley, a fourth class city, to impose limited penalties for violations of its ordinances, he contends that that statute is itself unconstitutional under Article I, § 31 of the Missouri Constitution. He claims that, as an administrative agency, the City of

Pleasant Valley is prohibited from imposing a fine or imprisonment for violating its rules. Appellant also claims under this point, in effect, that, as a municipal corporation, Respondent is in actuality a public corporation and had no authority to impose punishment on him, because he is not an employee of or enfranchised with the corporation. We disagree.

Article I, § 31 of the Constitution of Missouri prohibits the legislature from delegating to any administrative agency the power to make rules which establish fines for their violation. Thus, Appellant's argument rests on his assertion that Pleasant Valley is an administrative agency, and, of course, this assertion is incorrect, as shown in Point I, supra. We conclude, therefore, that § 79.470 is not unconstitutionally applied to Respondent in this case. Respondent has the properly legislated authority to penalize citizens who violate its ordinances. Furthermore, Respondent is not a public corporation as Appellant claims. Rather, it is a municipal corporation, and it can exercise its powers under the constitution and laws of this sovereign state, not only for its own benefit, but also for the benefit of its citizens. One such benefit is the enforcement of the very traffic laws that Appellant violated in this case. Point denied.

## III.

■ In his final point, Appellant claims that Respondent violated his constitutional rights to life, liberty and the pursuit of happiness by pulling him over, ordering him out of his car, chasing him with its police car, forcibly removing him from his vehicle at gunpoint and then holding him in a detention center against his will. Appellant argues that "liberty" denotes the right of the individual to engage in any of the common occupations of life and to enjoy the privileges long recognized as essential to the orderly pursuit of happiness. *Stanley v. Big Eight Conference,* 463 F.Supp. 920, 929 (Mo.1978). He essentially claims that Respondent interfered with

his right to enjoy those enumerated privileges as a disproportionate response to his driving with expired license plates – an action that Appellant contends harms no one. We disagree.

Article I, § 2 of the Missouri Constitutions states:

That all constitutional government is intended to promote the general welfare of the people; that all persons have a natural right to life, liberty, the pursuit of happiness and the enjoyment of the gains of their own industry; that all persons are created equal and are entitled to equal rights and opportunity under the law; that to give security to these things is the principal office of government, and that when government does not confer this security, it fails in its chief design.

While Appellant is correct that he has a unalienable right to life, liberty and the pursuit of happiness, these rights secured by our Constitution and Bill of Rights are not absolute. *State ex rel. Lipps v. City of Cape Girardeau et al.*, 507 S.W.2d 376, 381 (Mo.1974). Restraint on a person's actions is justified, and his constitutional rights are not violated when such restraint tends to protect the health and comfort of the community. *Id.* The test of whether an ordinance refers to a legitimate exercise of police power is whether the expressed requirements of the ordinance bear a substantial and rational relationship to the health, safety, peace, comfort, and general welfare of the municipality's citizenry. *Schnuck Markets, Inc. v. City of Bridgeton*, 895 S.W.2d 163, 166 (Mo.App.1995). An ordinance is presumed valid, and the party challenging the ordinance bears the burden of proving its invalidity. *Id.* When reasonable minds can differ as to whether a particular ordinance has a substantial relationship to the protection of the general health, safety, or welfare of the public, then the issue must be decided in favor of the ordinance. *Bezayiff v. City of St. Louis*, 963 S.W.2d 225, 229 (Mo.App.1997).

In this case, Appellant has argued that the actions of Respondent's police force were invalid. However, Appellant has failed to argue, much less prove, that the ordinances pursuant to which the police acted are themselves invalid. Therefore, we conclude that the ordinances are valid, and Respondent's actions were justified. The judgment of the trial court is affirmed in all respects.