STATE of Missouri, ex rel, Jeremiah W. NIXON, Attorney General,
Respondent,

v.

Dan JEWELL, Appellant.

No. ED 78055.

Missouri Court of Appeals,
Eastern District,
Harris Stowe Docket.

Dec. 18, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 20, 2002.

Application for Transfer Denied April 23, 2002.

Before MOONEY, P.J., SIMON and SULLIVAN, JJ.

*ORDER*

Elkin L. Kistner, Paul M. Maloney, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Craig Harrison Jacobs, Asst. Atty. Gen., Jefferson City, MO, for respondent.

GEORGE W. DRAPER III, Judge.

Daniel Jewell (hereinafter, "Jewell") appeals from the trial court's judgment dissolving the lien he recorded against Greenwood Cemetery (hereinafter, "Cemetery") located in Saint Louis County. We affirm in part and reverse in part.

The United States Disable Americans Veterans Agency, Inc. (hereinafter, "USDAVA") acquired the Cemetery from another Missouri nonprofit corporation on May 7, 1999. On the same day, Jewell loaned USDAVA $50,000 for maintenance of the Cemetery. The loan was secured by a deed of trust on the Cemetery and properly recorded on May 13, 1999.

On August 3, 1999, the State of Missouri filed the underlying action to judicially dissolve USDAVA, the Cemetery, and transfer its ownership to Saint Louis County pursuant to Section 214.205.2 RSMo (1996).[1] In addition, it sought to extinguish any and all security interests recorded against the Cemetery.

Trial was held on April 27, 2000, to determine whether the Cemetery was abandoned statutorily. The trial court issued its judgment finding that for at least one year prior to the filing of the underlying action, there was a substantial failure to care and maintain the Cemetery pursuant to statutory requirements. Accordingly, the trial court transferred ownership of the Cemetery to Saint Louis County free and clear of Jewell's lien. Jewell appeals from this judgment.

Jewell raises one point on appeal which encompasses two challenges to the trial court's judgment.[2] Jewell contends the trial court erred in extinguishing his lien

1. All further statutory references herein refer to RSMo (1996) unless otherwise stated.

2. We remind attorneys when drafting their points on appeal to carefully consider and

follow the dictates of Rule 84.04(d) and *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978).

against the Cemetery when transferring title to Saint Louis County without compensating him in that this amounted to an uncompensated taking in violation of Missouri Constitution, Article 1, Section 26 and the Fifth Amendment to the United States Constitution as secured by the due process clause of the Fourteenth Amendment. Jewell also contends the judgment lacks competent and substantial evidence to support the finding that the continued existence of the deed of trust after transfer of the property would hinder the restoration and maintenance of the Cemetery.

There is no factual issue in dispute; the Cemetery was abandoned. Rather, this dispute arises from the application of Section 214.205 in instances when an abandoned cemetery is acquired by the municipality or county in which it is located. Under Article 1, Section 26 of the Missouri Constitution, a party must show that there was "an invasion or an appropriation of some valuable property right which the landowner has to the legal and proper use of his property, which invasion or appropriation must directly and specially affect the landowner to his injury." Mo. Const., art. I, section 26 (1875); *Hamer v. State Highway Comm'n*, 304 S.W.2d 869, 871 (Mo.1957). The trial court transferred title of the Cemetery to Saint Louis County free and clear of Jewell's recorded lien. The trial court focused on Saint Louis County's need to restore the Cemetery and its impaired ability to do so with Jewell's property interest.

■■■ In considering whether a taking occurred under Article 1, Section 26 of the Missouri Constitution, we examine several factors: "(1) the economic impact of the regulation; (2) the extent to which the regulation has interfered with distinct in-

vestment-backed expectations; and (3) the character of the government action." *Schnuck Markets, Inc. v. City of Bridgeton*, 895 S.W.2d 163, 168 (Mo.App. E.D. 1995). The government may regulate the use of private property through its police powers. *Odegard Outdoor Advertising, LLC v. Bd. of Zoning Adjustment of Jackson County*, 6 S.W.3d 148, 149 (Mo. banc 1999). Even by prohibiting the most beneficial use of property, restrictions promoting "the health, safety, morals, or general welfare" may be permissible government actions. *Schnuck Markets*, 895 S.W.2d at 168; *See State Dept. Soc. Serv. v. Brookside Nursing*, 50 S.W.3d 273, 276 (Mo. banc 2001)(stating in a nursing home context that a security interest does not impair the property or the health, safety or care of the home's residents).

■ By acquiring the Cemetery, Saint Louis County believes that it will be asserting its police powers in order to restore the Cemetery thereby, promoting the public welfare because cemeteries provide permanent memorials of land dedicated to the dead. *See Close v. Glenwood Cemetery*, 107 U.S. 466, 474, 2 S.Ct. 267, 27 L.Ed. 408 (1883). Saint Louis County asserts that the lien should be extinguished so as not to impair Saint Louis County's ability to restore the Cemetery. There was no example presented, nor could we discern one, in which the lien would inhibit Saint Louis County's ability to restore the Cemetery.[3]

Under the circumstances of the present case, acquiring the Cemetery free and clear of the lien constitutes a taking. Extinguishment of the lien by the trial court completely denies Jewell all economic benefit of his lien. As an investor in the

---

**3.** If Saint Louis County rehabilitates the Cemetery, payments towards Jewell's lien could be made. Yet, if Saint Louis County is not able to rehabilitate the Cemetery, Jewell could foreclose on the property, take ownership and run the Cemetery.

Cemetery, Jewell loaned money to USDA-VA for the express purpose of its maintenance. It is not in the interest of the State to discourage individuals from investing in maintaining areas of land which are memorials to the dead. Hence, the trial court's transfer of the Cemetery to Saint Louis County free and clear of the lien was in error.

The judgment of the trial court determining that the Cemetery was abandoned is affirmed. However, the portion of the judgment extinguishing Jewell's lien is reversed.

RONNIE L. WHITE, Special Judge and MARY K. HOFF, Judge.