PER CURIAM.
Robin Wright-Jones ("Wright-Jones") and Wright-Jones for Senate (collectively, "Appellants") seek review of the Administrative Hearing Commission's ("AHC") decision affirming the Missouri Ethics Commission's ("MEC") imposition of fees arising from Appellants' failure to comply with the rules of chapter 130, RSMo 2000.[1] Appellants also challenge the circuit court's judgment finding no constitutional violations. The AHC's decision and circuit court's judgment are affirmed. This Court has exclusive appellate jurisdiction over cases involving the validity of a statute. Mo. Const. art. V, sec. 3.
Factual and Procedural History[2]
When Wright-Jones announced her candidacy for the Missouri State Senate, she formed a campaign committee called Wright-Jones for Senate, which later was changed to Wright-Jones for Missouri, to assist her in supporting her candidacy in the 2008 election and future elections. Wright-Jones was elected to the Missouri State Senate in the November 2008 general election.
The MEC is a Missouri agency established to enforce chapter 130's campaign *179 finance and disclosure laws. Pursuant to section 105.961, the MEC investigated Appellants' campaign finance records, bank statements, reports filed, and other records. The MEC concluded there were reasonable grounds to believe there were reporting violations. The MEC convened a closed hearing pursuant to section 105.961.3.
On May 14, 2013, the MEC issued its decision, finding probable cause existed that Appellants violated multiple statutes. The MEC charged Appellants with multiple violations in eight counts. Appellants appealed this decision to the AHC pursuant to section 105.961.5.
At the AHC hearing, the MEC relied upon thousands of pages of reporting and financial data to support its decision. There was also testimony from Appellants' prior treasurer and one of the MEC's investigative supervisors.
The AHC found Appellants committed multiple violations of chapter 130. For each violation, Appellants were either reprimanded, assessed a fee of $1,000, or assessed an amount equal to the expenditure determined to be a violation. The AHC determined Appellants were jointly and severally liable for all fees incurred. In total, Appellants were assessed $229,964 in fees for violations of chapter 130. Of that total, $22,996 was ordered to be paid within 90 days. The remainder of the fees were stayed, provided Appellants paid the 10 percent of the total fee, filed all required campaign finance disclosure reports and amendments, and committed no further campaign finance disclosure law violations under chapter 130.
Appellants filed a petition for review in the circuit court challenging the findings and raising constitutional claims. The circuit court affirmed the AHC's decision and found section 105.961.4(6) was not unconstitutional. Appellants appeal.
Standard of Review
"Appellate review of an agency decision is limited to determining whether the agency's findings are supported by competent and substantial evidence on the record as a whole...." Cmty. Bancshares, Inc. v. Sec'y of State , 43 S.W.3d 821, 823 (Mo. banc 2001) ; see also Mo. Const. art. V, sec. 18 ; section 536.140. A decision is unsupported by competent and substantial evidence when an appellant demonstrates the decision is contrary to the overwhelming weight of the evidence. Albanna v. State Bd. of Registration for Healing Arts , 293 S.W.3d 423, 428 (Mo. banc 2009).
This Court reviews constitutional challenges to the validity of a statute de novo. Impey v. Mo. Ethics Comm'n , 442 S.W.3d 42, 44 (Mo. banc 2014) ; Geier v. Mo. Ethics Comm'n , 474 S.W.3d 560, 564 (Mo. banc 2015). "Statutes are presumed constitutional and will be found unconstitutional only if they clearly contravene a constitutional provision." Hill v. Boyer , 480 S.W.3d 311, 313-14 (Mo. banc 2016). The party challenging the statute bears "the burden of proving the act clearly and undoubtedly violates the constitutional limitations." Impey , 442 S.W.3d at 44 (quoting State v. Honeycutt , 421 S.W.3d 410, 414 (Mo. banc 2013) ).
Delegation of Authority
Appellants claim the monetary fees assessed by the MEC are in violation of Missouri Constitution article I, section 31. Appellants assert, pursuant to section 105.961.4(6), the MEC may not assess fines for violations of state statutes, regulations, or rules. Appellants emphasize the MEC assessed a fine, but their reasoning provides overbroad statements and minimal support to demonstrate a constitutional *180 violation regarding the MEC's ability to assess fees.
Article I, section 31 provides: "That no law shall delegate to any commission, bureau, board or other administrative agency authority to make any rule fixing a fine or imprisonment as punishment for its violation." Simply stated, this constitutional provision "prohibits the legislature from delegating to any administrative agency the power to make rules which establish fines for their violation." City of Pleasant Valley v. Baker , 991 S.W.2d 725, 728 (Mo. App. W.D. 1999).
Appellants mischaracterize the language of section 105.961.4(6) at issue. Appellants refer to the monetary fees assessed against them as a "fine" as a means to invalidate the statute.[3] Yet, section 105.961.4(6) clearly states the MEC has "the power to seek fees for violations in an amount not greater than one thousand dollars or double the amount involved in the violation." (Emphasis added). The MEC and the AHC decisions both state Appellants were assessed fees for the violations. Appellants are the only party referring to a "fine."
"The MEC is an administrative body established by the General Assembly to administer and enforce a number of ethics-related laws, including those relating to lobbyists, public officials, and campaign finance disclosure." Impey , 442 S.W.3d at 44 ; see also section 105.955. The MEC only acts as it is directed to do so by the General Assembly. See State v. Davis , 450 S.W.2d 168, 170 (Mo. 1970) (finding the delegation of authority by the General Assembly to the Department of Health and Welfare to prepare a list of "barbiturate" or "stimulant" drugs was not an unlawful delegation of authority in violation of article I, section 31 ). The MEC assessed fees against Appellants for their violations as prescribed by the General Assembly.
Appellants offer no authority or reasoning to support their conclusion the MEC acted in manner that was not permitted constitutionally. There was no improper delegation of authority to the MEC.
Improper Procedure pursuant to Section 105.961.4(6)
Appellants assert the MEC's assessment of a monetary fee was unauthorized by law. Appellants claim the MEC had no legal authority to assess fees because they did not agree to any monetary penalty and no court imposed a penalty as required by section 105.961.4(6).
Section 105.961.4(6) allows the MEC to "seek fees" through reconciliation agreements or through civil action.[4] While Appellants are correct the MEC did not seek to enforce its determination of fees through a reconciliation agreement or civil action, Appellants incorrectly try to use section 105.961.4(6) as a means to invalidate the imposition of fees. Section 105.961.4(6) is not applicable.
Prior to any judicial action the MEC may have initiated to enforce its decision *181 pursuant to section 105.961.4(6), Appellants initiated these proceedings and appealed the MEC's determination to the AHC pursuant to section 105.961.5. When Appellants initiated the AHC appeal, any action the MEC may have taken to enforce its determination was stayed. Section 105.961.5. Such an attempt to cite statutory provisions in isolation to create error is inappropriate.
Fees Supported by the Record
Appellants argue the assessment of "fines" against them should have been limited to $1,000 for each violation or double the amount of the violation pursuant to section 105.961.4(6). Appellants reiterate they did not agree to any "fines" and no "fines" were imposed by a civil action. They believe the amount of the assessed "fines" are unsupported by the record.
In this case, the AHC entered findings of fact and conclusions of law detailing Appellants' violations in a 50-page decision and a 33-page appendix itemizing contributions and expenditures. Appellants fail to indicate, and this Court was unable to independently locate, any evidence in the record demonstrating the AHC's decision was against the overwhelming weight of the evidence.
For every statutory violation Appellants committed, they were assessed a fee as prescribed by section 105.961.4(6). They were never assessed double the amount of any violation, even though that would have been an authorized statutory penalty. Appellants fail to present any violation wherein the assessed fees exceeded these statutory limitations. The AHC's decision was supported properly.
Excessive Fees
Appellants claim the fees assessed for violations of the campaign finance disclosure laws were in excess of the amounts that may be assessed under section 105.961.4(6). Appellants do not argue the fees described in section 105.961.4(6) are excessive and violate the constitution. Rather, they assert there "is no standard for double the sum provision" in section 105.961.4(6), and the statute places a ceiling of $1,000 as a maximum penalty. Therefore, Appellants believe the fees assessed against them were excessive and violated the Eighth Amendment of the United States Constitution.
"Although the Missouri and United States Constitutions prohibit the imposition of excessive fines, the Missouri General Assembly has always had wide latitude to decide the severity of civil penalties for violations of law." State v. Spilton , 315 S.W.3d 350, 358 (Mo. banc 2010). This Court has found when there is a statute authorizing a range of civil penalties as punishment, as a matter of law, civil penalties within that range of punishment are not excessive. Id. "A statutory punishment will not be considered an excessive fine in contravention of the Eighth Amendment unless it is so disproportionate as to 'shock the moral sense of all reasonable [persons].' " Id. (quoting Barker v. Barker , 98 S.W.3d 532, 534 (Mo. banc 2003) ).
Appellants assert there "is no standard for double the sum provision" in section 105.961.4(6). However, section 105.961.4(6) explicitly provides the MEC "power to seek fees for violations in an amount not greater than one thousand dollars or double the amount involved in the violation." The fees assessed against Appellants are within the range permitted by the statute. For every statutory violation Appellants committed, they were assessed a fee as prescribed by section 105.961.4(6). Further, Appellants were ordered to pay 10 percent of the total fee, allowing the remainder to be stayed provided they did *182 not commit any further violation of the campaign finance disclosure law. The assessed fees were not excessive.
Conclusion
The AHC's decision and the circuit court's judgment are affirmed.
All concur.

All further statutory references are to RSMo 2000, as supplemented.

Appellants fail to comply with Rule 84.04(c) because they do not cite any specific page reference within the record on appeal in their statement of facts. "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." Brown v. Ameristar Casino Kansas City, Inc. , 211 S.W.3d 145, 147 (Mo. App. W.D. 2007) (quoting Bridges v. Am. Family Mut. Ins. Co. , 146 S.W.3d 456, 458 (Mo. App. W.D. 2004) ). Failure to comply with Rule 84.04 may constitute grounds for dismissal. Bethman v. Faith , 462 S.W.3d 895, 900 (Mo. App. E.D. 2015).

Any unspoken argument Appellants may have been trying to make to connect the payment of fees with criminal activity is specious. Prior to issuing its decision, the MEC conducted a hearing on the alleged violations because the suspected violations were non-criminal. Section 105.961.3. Any allegations presented at the hearing could not lead to criminal penalties. Geier , 474 S.W.3d at 570 ; cf. section 105.961.2 (detailing the procedure the MEC must follow when there are reasonable grounds to believe a criminal violation occurred).

Appellants and the MEC both misquote section 105.961.4(6) in their briefs. This Court cautions attorneys to not rely on one party's citation but to verify the actual wording before quoting any statute or case.