

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| DOUBLE AA MARKET, LLC, | ) | No. ED112331 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | Cause No. 2222-CC09900 |
| | ) | |
| MONA PARSLEY, ET AL., | ) | Honorable Jason M. Sengheiser |
| | ) | |
| Respondents. | ) | Filed:  October 29, 2024 |

## Introduction

This case arises from the refusal of the St. Louis City Board of Adjustment to grant Double AA Market, LLC ("Appellant") a conditional use permit for a convenience store. Appellant argues the Board's findings of fact and conclusions of law are insufficient, the Board acted outside its statutory authority, the Board's decision is not supported by competent and substantial evidence, the Board's decision is an unconstitutional "taking" of Appellant's property, and Appellant is entitled to reasonable attorney fees. We affirm.

## Factual and Procedural Background

### Facts

Appellant is a Missouri limited liability company owning a property within the Bevo Mill Special Use District in the City of St. Louis. Appellant formerly operated the property as a convenience store under a conditional use permit.

Properties in the City of St. Louis are subject to the Revised Code of the City of St. Louis Section 26 ("Zoning Code"). Appellant's property is located in an "F" Neighborhood Commercial District. *See* Zoning Code § 26.40 (regulating "F" Neighborhood Commercial Districts). In such districts, convenience stores are not a permitted use under Zoning Code Section 26.40.020, so they require a conditional use permit. Zoning Code Section 26.40.025. Appellant's previous conditional use permit was revoked on June 9, 2021 due to its noncompliant LED lights, bars on the windows, and trash around the property.

Procedural Background

On July 28, 2022, after the required waiting period of one year, Appellant applied for a new conditional use permit to the Board of Public Service. Following a hearing, the Board of Public Service denied the conditional use permit as "detrimental to public health, safety, morals, or general welfare." *See* Zoning Code § 26.80.010(E)(1).[1]

---

[1] Section 26.80.010(E) of the Zoning Code states:

> The Board of Public Service shall not approve a conditional use unless the Board finds that the use conforms to the following standards:
> 1. The use will not be detrimental to the public health, safety, morals or general welfare;
> 2. The use will not cause serious injury to the neighboring property by hindering use or reducing or impairing property values;
> 3. The use will contribute to, enhance, and promote the general welfare and convenience of the specific location;
> 4. The use will complement or be compatible with the surrounding uses and will not have a negative impact on adjacent uses or community facilities; and
> 5. The use shall, in all other respects, conform to the applicable zoning regulations and standards, including, without limitation, the particular regulations and standards stated for particular conditional uses in the various zoning districts.

Appellant appealed to the Board of Adjustment. The Board of Adjustment held a hearing, at which it received exhibits and heard testimony. The exhibits included letters of opposition from the ward's alderwoman and the president of the Bevo Community Improvement District, admitted as Exhibit K; the Zoning Code; and a petition bearing 89 signatures in support of reopening the convenience store. The testimony was mainly that of local residents supporting reopening the store. The Board of Adjustment denied Appellant's appeal and, like the Board of Public Service, concluded "the use would be detrimental to public health, safety, morals or general welfare."

Appellant filed a petition for a writ of certiorari to the circuit court. The circuit court reviewed the Board of Adjustment's decision and expressed concern that its findings of fact lacked credibility determinations and were "just a mere recitation of the evidence that was before the Board." The circuit court nonetheless denied the writ because Respondents' decision was supported by competent and substantial evidence in the form of the letters of opposition submitted by the alderwoman and the president of the community improvement district.

Appellant now appeals to this Court, naming the members of the Board as Respondents.

**Discussion**

Standard of Review

On appeal, this Court reviews the decision of the Board of Adjustment, not the judgment of the trial court. *Antioch Community Church v. Board of Zoning Adjustment of City of Kansas City*, 543 S.W.3d 28, 33 (Mo. banc 2018); *State ex rel. Teefey v. Board of Zoning Adjustment of Kansas City*, 24 S.W.3d 681, 684 (Mo. banc 2000).

Our review is limited to "whether the Board's action is supported by competent and substantial evidence upon the whole record or whether it is arbitrary, capricious, unreasonable, unlawful, or in excess of its jurisdiction." *Teefey*, 24 S.W.3d at 684 (internal quotations omitted).

3

In determining whether substantial evidence supports the Board's decision, we "view the evidence and reasonable inferences therefrom in a light most favorable to the decision." *Id.* "In reviewing the legality of the decision, the reviewing court should hold the decision to be illegal and void if the [Board] exceeds the authority granted to it. . . . A question of law is a matter for the independent judgment of the reviewing court." *Id.* (internal citations omitted).

<u>Point I</u>

Appellant first asserts that Respondents' findings of fact and conclusions of law are insufficient under Section 536.090. Appellant argues Respondents merely recite a chronology of the evidentiary hearing, without identifying and resolving factual disputes or demonstrating that substantial and competent evidence supports the denial of Appellant's application.

Section 536.090 requires that every decision and order in a contested case proceeding before an administrative agency, with several exceptions not implicated here, shall include findings of fact and conclusions of law. "The findings of fact . . . shall include a concise statement of the findings on which the agency bases its order." RSMo § 536.090.

In challenging Respondents' findings of fact, Appellant directs us to *Iron County v. State Tax Commission*, 480 S.W.2d 65 (Mo. 1972), in which the Supreme Court of Missouri elaborated on the requirements of Section 536.090:

> 'Courts do not want agencies to include detailed summaries of testimony in their findings; they want what they call the basic facts. * * * The basic findings are those on which the ultimate finding rests; the basic findings are more detailed than the ultimate finding but less detailed than a summary of the evidence.' 2 Davis, Administrative Law Treatise, Section 16.06, pages 450, 451. Only when the administrative agency makes such basic findings can a court properly perform its limited function of review of the administrative action. To repeat Judge Hyde's statement in Michler v. Krey Packing Co., 363 Mo. 707, 253 S.W.2d 136, 142, 'In any case, finding[s] should be sufficient to show how the controlling issues have been decided.[']

4

*Id.* at 69–70. Essentially, this means an administrative agency's findings of fact must include a "factual resolution of the matters in contest" and "advise the parties or the Circuit Court of the factual basis upon which [it] reached its conclusion and order." *Id.* at 70.

Here, Respondents' findings of fact leave much to be desired. The findings do not resolve any factual disputes or specify the evidence on which Respondents relied to ultimately deny Appellant's application for a conditional use permit. Appellant nevertheless concedes in its appellate brief the salient point that the "first four numbered paragraphs . . . appear to be compliant with Missouri law on what constitutes a finding of fact during a contested case proceeding . . . ." *See generally Pearson v. AVO General Services, LLC*, 520 S.W.3d 496, 502 n.4 (Mo. App. W.D. 2017) (disregarding claims appellant admitted he would not argue). The first of those numbered paragraphs lists the evidence received by Respondents at the hearing, including the letters of opposition from the alderwoman and the president of the Bevo Community Improvement District. As we conclude in more detail *infra*, those letters amount to competent and substantial evidence to support Respondents' denial of Appellant's application for a conditional use permit.

Point I is denied.

## Point II

Second, Appellant argues Respondents acted outside their statutory authority by disregarding competent and substantial evidence supporting Appellant's application, and Respondents' denial of Appellant's application was not supported by facts demonstrating that Appellant's use of the property would be detrimental to the public health, safety, and welfare.

As an initial matter, we need not consider whether Appellant "presented sufficient, competent, credible, and material evidence to support issuance of a conditional use permit." *Moto, Inc. v. Board of Adjustment of City of St. Louis*, 88 S.W.3d 96, 105 (Mo. App. E.D. 2002). The

5

issue is whether competent and substantial evidence supported Respondents' denial of the conditional use permit. "If substantial and competent evidence supports the findings of the Board of Adjustment, we will not substitute our discretion, even if different factual findings could have been made in reaching an opposite result." *Id.* (citing *State ex rel. Sander v. Bd. of Adjustment of Creve Coeur*, 60 S.W.3d 14, 17 (Mo. App. E.D. 2001)).

Appellant argues that Respondents' denial of its application is not supported by competent and substantial evidence because the letters of opposition from the alderwoman and the president of the community improvement district were inadmissible hearsay. Notwithstanding Appellant's argument, hearsay testimony may be considered in an administrative hearing if no objection is made. *Concord Pub. House, Inc. v. Dir. Revenue, State of Mo.*, 916 S.W.2d 186, 195–96 (Mo. banc 1996). In this case, Appellant's hearing counsel did not object to the admissibility of the letters of opposition. The letters thus properly were admitted into evidence at the hearing and considered by Respondents.

We therefore turn to whether the letters otherwise were competent and substantial evidence on which Respondents could base their decision. Substantial evidence concerns only "matters of substance" not the credibility of witnesses or the weight of evidence. *Collins v. Division of Welfare*, 270 S.W.2d 817, 820 (Mo. banc 1954). Substantial and competent evidence is "evidence which, if true, has probative force upon the issues . . . ." *Id.*; *Mertzlufft v. Civil Service Comm'n*, 85 S.W.3d 63, 66 (Mo. App. E.D. 2002). We look to the record as a whole and "must consider the evidence at the hearing in the light most favorable to the administrative agency." *Mertzlufft*, 85 S.W.3d at 66.

First, the letter from the ward's alderwoman, admitted as part of Exhibit K, stated the alderwoman's opposition to granting the conditional use permit for the convenience store based

on concerns of residents and businesses. According to the letter, the residents and businesses observed that revocation of Appellant's previous conditional use permit "resulted in less trash, increased feeling of security and not having loiterers that impede foot traffic." The alderwoman reaffirmed her opposition to the convenience store in an email to Respondents, admitted as Exhibit I, noting that "trash and various other nuisances have been abated since its closure."

Similarly, the letter from the president of the Bevo Community Improvement District, also admitted as part of Exhibit K, informed Respondents that the district, made up of local businesses, voted against allowing Appellant's convenience store to reopen. The president of the district also reaffirmed the district's opposition in an email admitted as Exhibit J.

These exhibits constitute competent and substantial evidence supporting Respondents' denial of Appellant's application for a conditional use permit. *See Collins*, 270 S.W. at 820. More specifically, the evidence is probative of whether Appellant's application met the requirements for a conditional use permit under the Zoning Code. The letters of opposition and subsequent emails expressing concerns by residents and local businesses about trash, security, loitering, and other nuisances are competent and substantial evidence supporting Respondents' finding that the requested use would be "detrimental to the public health, safety, morals or general welfare." *See* Zoning Code § 26.80.010(E)(1),(3).

Point II is denied.

Point III

Third, Appellant alleges Respondents disregarded Appellant's evidence supporting issuance of a conditional use permit.

As already stated, the law is clear that the relevant issue is not whether Appellant presented sufficient evidence to support issuance of a conditional use permit. *Moto, Inc.*, 88 S.W.3d at 105.

The issue is whether competent and substantial evidence supported Respondents' denial of the conditional use permit. *See id.*

Point III is denied.

Point IV

Fourth, Appellant argues Respondents deprived Appellant of the economic use of its property, thereby effecting an unconstitutional "taking" and requiring just compensation.

The Supreme Court of Missouri has made clear that, to properly raise a constitutional question, a party must "raise the constitutional question at the first available opportunity." *United C.O.D. v. State*, 150 S.W.3d 311, 313 (Mo. banc 2004). Here, the first opportunity for Appellant to have raised its argument that Respondents' denial of its application for a conditional use permit was an unconstitutional taking would have been in its petition for writ of certiorari to the circuit court. Appellant did not raise that issue in its petition.

Even if Appellant had preserved its constitutional claim, the claim would fail on the merits. Both the Missouri constitution, Article I, Section 26, and the Fifth Amendment to the United States Constitution (as applied to the states through the Fourteenth Amendment) include similar just compensation clauses. *Harris v. Missouri Dept. of Conservation*, 755 S.W.2d 726, 729 (Mo. App. W.D. 1988). Thus, Missouri courts follow the decisions of the United States Supreme Court when considering whether a regulation constitutes a taking. *See Schnuck Markets, Inc. v. City of Bridgeton*, 895 S.W.2d 163, 167–68 (Mo App. E.D. 1995); *Harris*, 755 S.W.2d at 729.

The United States Supreme Court recognizes two types of *per se* takings: (1) physical invasion of a person's property, and (2) regulations that go far enough to "completely deprive an owner of '*all* economically beneficial us[e]' of her property." *Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 538 (quoting *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1019 (1992))

8

(emphasis in original). Beyond these two categories of *per se* takings, the Court created a multi-factor test to determine whether a particular regulation is a taking in *Penn Central Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978). "These factors are (1) the economic impact of the regulation; (2) the extent to which the regulation has interfered with distinct investment-backed expectations; and (3) the character of the government action." *Schnuck Markets, Inc.*, 895 S.W.2d at 168 (citing *Penn Central*, 438 U.S. at 124).

In *Penn Central*, the Court also recognized that "in instances in which a state tribunal reasonably concluded that 'the health, safety, morals, or general welfare' would be promoted by prohibiting particular contemplated uses of land, this Court has upheld land-use regulations that destroyed or adversely affected recognized real property interests." 438 U.S. at 125. The Court observed, "Zoning laws are, of course, the classic example . . . , which have been viewed as permissible governmental action even when prohibiting the most beneficial use of the property." *Id.*

Appellant asserts somewhat obliquely that "the Board has denied the economic benefit and productive use of the Property, as it can function only as a vacant commercial building absent the grant of a conditional use permit," without explicitly alleging either a *per se* taking or a taking pursuant to the *Penn Central* factors. Given Appellant's reference to the denial of "the economic benefit and productive use of the property," we perceive Appellant's claim as one of *per se* taking. That claim fails.

As noted by Respondents, Appellant baldly asserts that Respondents' denial of the conditional use permit rendered the property vacant and without any other productive use. Appellant does not address, much less rule out, the dozens of other uses to which the property may be put without a conditional use permit. *See* Zoning Code § 26.40.020 (regulating uses in "F"

9

Neighborhood Commercial Districts and listing 24 other permanent uses not requiring a conditional use permit). Appellant therefore has failed to show that Respondents' decision completely deprived it of all economically beneficial uses of its property and was an unconstitutional taking. *See Lingle*, 544 U.S. at 538.

Point IV is denied.

Point V

Finally, Appellant asks for attorney's fees on appeal.

Generally, Missouri adheres to the "American Rule" requiring each party to pay its own fees and expenses. *Barkho v. Ready*, 523 S.W.3d 37, 45 (Mo. App. W.D. 2017). An exception is when fees are permitted by statute or contract. *Id.* (citing *St. Louis Title, LLC v. Talent Plus Consultants, LLC*, 414 S.W.3d 24, 26 (Mo. App. E.D. 2013)).

Section 89.110, the statute providing for review of decisions of the Board of Adjustment, generally prohibits the assessment of costs against the Board "unless it shall appear to the court that it acted with gross negligence, or in bad faith, or with malice in making the decision appealed from." For the reasons already explained, Appellant has failed to show that Respondents acted with gross negligence, in bad faith, or with malice in denying Appellant's application for a conditional use permit.

Point V is denied.

**Conclusion**

For the foregoing reasons, we affirm the decision of the Board of Adjustment denying Appellant's application for a conditional use permit.

_____

Cristian M. Stevens, J.,

James M. Dowd, P.J., and
Angela T. Quigless, J., concur.

11