SUPREME COURT OF MISSOURI
 en banc
TAMMY FERRY, ) Opinion issued January 11, 2022
 )
 Respondent, )
 )
v. ) No. SC98959
 )
THE BOARD of EDUCATION of )
THE JEFFERSON CITY PUBLIC )
SCHOOL DISTRICT, )
 )
 Appellant. )

 APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY
 The Honorable Jon E. Beetem, Judge

 The Board of Education of the Jefferson City Public School District appeals a

judgment reversing its decision to terminate Tammy Ferry’s contract with the District after

she transferred confidential student information from the District’s Google for Education

account to her personal Google account. Because Ms. Ferry effectuated a prohibited

disclosure from the District to herself and violated a board policy and administrative

procedure when she accessed and transferred confidential student information without a

legitimate educational interest, the Board had the authority to terminate her contract.

Therefore, the circuit court’s judgment is vacated and, pursuant to Rule 84.14, the Board’s

decision is affirmed.
 Factual and Procedural Background

 Ms. Ferry was a tenured, state-certified teacher who served as an instructional

technology coordinator with the District for 11 years. On January 28, 2019, Ms. Ferry began

copying the Google Drive assigned to her on the District’s domain to her personal Google

account. Although Ms. Ferry claims she intended to copy and transfer only her work files,

the Google Drive assigned to her contained files provided and created by other District

personnel, and some of her files and the files provided and created by others included

confidential student information.

 As Ms. Ferry transferred District files, District personnel started receiving notices

indicating that their files were last modified by Ms. Ferry. Upon further review, the District

learned Ms. Ferry was in the process of copying and transferring thousands of the District’s

files to her private account without permission or authorization and that some of these files

contained confidential student information. Consequently, the District stopped the transfer

to Ms. Ferry’s account and placed her on administrative leave pending an investigation.

 On March 15, 2019, counsel for the District met with Ms. Ferry and her counsel to

interview her about the alleged data breach. During the interview, Ms. Ferry admitted she

transferred the District’s files to her personal Google account. She explained she did so on

the advice of counsel to preserve them for use in a discrimination suit she had filed against

the District in 2017. 1 The District’s investigation ultimately resulted in the Board issuing a

statement of charges against Ms. Ferry that alleged she violated three Board policies by

1
 Ms. Ferry’s suit alleges the District retaliated against her after she testified in a
discrimination suit another employee filed against the District. Ms. Ferry’s discrimination
suit remains pending in the circuit court.
 2
virtue of her transfer of confidential information to her personal Google account and her

failure to follow administrative directives to return school equipment, not to return to the

school’s premises, and not to communicate with school personnel.

 The Board conducted a contested case hearing in July 2019 and found Ms. Ferry

disclosed confidential student information in violation of board policy “when she permitted

the release and transfer of personally identifiable student information contained in the

education records of the District to her personal Google account, when she was not the party

that provided or created the records in question.” It also found she violated board policies

and procedure “when she failed to keep student records confidential in accordance with the

law, and accessed the District’s files containing confidential student information as a school

official without a legitimate educational interest to transfer them to her personal Google

account.” Based on those findings, the Board terminated Ms. Ferry’s contract with the

District.

 Ms. Ferry filed a notice of appeal with the Board and a petition for judicial review in

the circuit court. The circuit court found Ms. Ferry had not “disclosed” confidential student

information, as that term is defined in the Family Educational Rights and Privacy Act of

1974 (“FERPA”), 20 U.S.C section 1232g; reversed the Board’s decision; and ordered the

Board to restore Ms. Ferry to permanent teacher status and to provide her full compensation

for the period between her discharge and reinstatement. The Board appealed the circuit

court’s judgment, and this Court granted transfer after an opinion by the court of appeals.

Mo. Const. art. V, sec. 10.

 3
 Standard of Review

 On appeal, this Court reviews the Board’s decision, not the circuit court’s judgment.

Mo. Real Estate Appraisers Comm’n v. Funk, 492 S.W.3d 586, 592 (Mo. banc 2016). Article

V, section 18 of the Missouri Constitution requires that judicial review of an administrative

agency’s decision include a determination of whether the agency decision is “authorized by

law” and “supported by competent and substantial evidence upon the whole

record.” 2 Nothing in article V, section 18 requires a reviewing court to view the evidence

and all reasonable inferences drawn therefrom in the light most favorable to the agency

decision. See, e.g., Spire Mo., Inc. v. Pub. Serv. Comm’n, 618 S.W.3d 225, 236 n.8 (Mo.

banc 2021); Albanna v. State Bd. of Registration for the Healing Arts, 293 S.W.3d 423, 428

(Mo. banc 2009); Lagud v. Kan. City Bd. of Police Comm’rs, 136 S.W.3d 786, 791 (Mo.

banc 2004); Hampton v. Big Boy Steel Erection, 121 S.W.3d 220, 223 (Mo. banc 2003).

Rather, “a court reviewing factual findings by an administrative agency must consider all of

2
 Additionally, the Teacher Tenure Act provides an appeal from the Board’s decision “shall
be heard as provided in chapter 536.” Section 168.120.2, RSMo 2016. Section 536.140.2,
RSMo 2016, provides a reviewing court may determine whether the agency’s action:

 (1) Is in violation of constitutional provisions;
 (2) Is in excess of the statutory authority or jurisdiction of the agency;
 (3) Is unsupported by competent and substantial evidence upon the whole
 record;
 (4) Is, for any other reason, unauthorized by law;
 (5) Is made upon unlawful procedure or without a fair trial;
 (6) Is arbitrary, capricious or unreasonable;
 (7) Involves an abuse of discretion.

Because Ms. Ferry’s claims of error are limited to whether the Board’s findings and decision
were supported by competent and substantial evidence upon the whole record and authorized
by law, the Court need not address the remaining statutory determinations provided for in
section 536.140.2, RSMo 2016.
 4
the evidence that was before the agency and all of the reasonable inferences that may be

drawn from that evidence, including the evidence and inferences that the agency rejected in

making its findings.” Seck v. Mo. Dep’t of Transp., 434 S.W.3d 74, 79 (Mo. banc 2014)

(emphasis added). A reviewing court cannot, however, “substitute its judgment for that of

administrative agency being reviewed,” id., make findings or conclusions in the first

instance, or ascribe to the agency findings and conclusions it did not make,” Treasurer of

State v. Parker, 622 S.W.3d 178, 183 (Mo. banc 2021). A reviewing court “is only to review

the findings and decisions made by the [agency].” Id.

 In reviewing an agency’s findings of fact, this Court defers to the agency’s credibility

determinations and the weight given to conflicting evidence. O’Brien v. Dep’t of Pub.

Safety, 589 S.W.3d 560, 565 (Mo. banc 2019). This Court will defer to an agency’s factual

findings so long as there is sufficient competent and substantial evidence in the record to

support them, Johme v. St. John’s Mercy Healthcare, 366 S.W.3d 504, 509 (Mo. banc 2012),

and they are not “contrary to the overwhelming weight of the evidence,” Wright-Jones v.

Mo. Ethics Comm’n, 544 S.W.3d 177, 179 (Mo. banc 2018).

 By contrast, questions of law are not committed to the discretion of administrative

agencies, nor dependent on their expertise, but are questions “for the courts ultimately to

resolve on judicial review when called upon to do so.” Bird v. Mo. Bd. of Architects, Pro.

Eng’rs, Pro. Land Surveyors & Landscape Architects, 259 S.W.3d 516, 519 (Mo. banc

2008). This Court reviews questions of law, including questions of statutory interpretation,

de novo. Parker, 622 S.W.3d at 180-81.

 5
 Analysis

 Ms. Ferry claims the Board erred in terminating her employment for violating

FERPA and board policy by unlawfully disclosing confidential information to herself.

Ms. Ferry contends the Board’s decision was not authorized by law because her conduct did

not constitute a disclosure, as defined in FERPA, in that she did not release confidential

student information to any third person. She also claims that, even assuming she violated

board policy when she accessed and transferred confidential information, she did not do so

willfully and persistently because no policy prohibited transfer of confidential student

information to a personal account.

 The Board’s decision to terminate Ms. Ferry’s contract with the District was based

on the Teacher Tenure Act, sections 168.102 to 168.130. 3 The Teacher Tenure Act

authorizes the Board to terminate a permanent teacher’s indefinite contract for “[w]illful or

persistent violation of, or failure to obey, the school laws of the state or the published

regulations of the board of education of the school district employing him [or her].” Section

168.114.1(4). The Board found Ms. Ferry violated board policy JO and administrative

procedure JO-AP(1) and her violations of JO and JO-AP(1) constituted the violation of three

other board policies, GBCB, EHB, and EHBC. Those board policies respectively govern

staff conduct, technology usage, and data governance and security and effectively require

compliance with JO and JO-AP(1).

 FERPA governs the District’s disclosure of confidential student information. Among

other things, FERPA denies federal funding to “any educational agency or institution which

3
 All citations to Missouri statutes are to RSMo 2016.
 6
has a policy or practice of permitting the release of education records (or personally

identifiable information contained therein . . . ) of students without the written consent of

their parents to any individual, agency, or organization[.]” 20 U.S.C. section 1232g(b)(1).

There are exceptions, however, and schools may release student education records without

written consent to, among others, “school officials, including teachers within the educational

institution or local educational agency, who have been determined by such agency or

institution to have legitimate educational interests[.]” 20 U.S.C. section 1232g(b)(1)(A).

 The federal regulations promulgated pursuant to 20 U.S.C. section 1232g utilize the

concept of disclosure to further delineate when records or information may be lawfully

released without prior written consent. 34 C.F.R. §§ 99.3, 99.30-31. Under those

regulations, “disclosure” is defined as “to permit access to or the release, transfer, or other

communication of personally identifiable information contained in education records by any

means, including oral, written, or electronic means, to any party except the party identified

as the party that provided or created the record.” 34 C.F.R. § 99.3. Consistent with 20

U.S.C. section 1232g(b)(1), the regulations provide that a school can disclose personally

identifiable information from a student’s educational records without prior written consent

to school officials who have legitimate educational interests. 34 C.F.R. § 99.31(a)(1)(i)(A).

 The Board ensures the District’s compliance with FERPA and permits or prohibits

access to and use of confidential student information through its policies and procedures.

Board policy JO recognizes that “records must be kept confidential in accordance with law”

and the need for the Board to adopt a plan “whereby all pertinent student information shall

be recorded and adequately safeguarded.” JO-AP(1) imposes a duty on the professional staff

 7
of the school “to see that [education] records[4] are kept secure and confidential and are

utilized in accordance with the law.” To that end, the procedure provides:

 Disclosure of information from a student’s education records will be made
 only with the written consent of the parent or eligible student, subject to the
 following exceptions. The district may disclose education record information
 without consent in accordance with law . . . [t]o school officials who have a
 legitimate educational interest in the records.

Finally, JO-AP(1) provides a school official has a legitimate educational interest when:

 1. Performing a task that is specified in his or her position description or
 by a contract,
 2. Performing a task related to a student’s education in accordance with
 the school official’s position.
 3. Performing a task related to the discipline of a student in accordance
 with the school official’s position.
 4. Providing a service or benefit relating to the student or student’s family,
 such as healthcare, counseling, job placement or financial aid.
 5. Maintaining the safety and security of the campus.

 The Board concluded Ms. Ferry violated JO and JO-AP(1) because she “conducted a

‘disclosure’ under FERPA when she permitted the release and transfer of personally

identifiable student information contained in the education records of the District to her

personal Google account, when she was not the party that provided or created the records in

question.” It also concluded she violated JO and JO-AP(1) “when she failed to keep student

records confidential in accordance with the law, and accessed the District’s files containing

confidential student information as a school official without a legitimate educational interest

to transfer them to her personal Google account.” 5

4
 JO-AP(1) defines education records as those records “directly related to a personally
identifiable student and . . . maintained by the school district . . . .”
5
 The Board also concluded Ms. Ferry violated board policy JO and procedure JO-AP(1)
“when she reviewed [the student records] between the date of her deposition on June 26,
2019, and July 10, 2019.”
 8
 The record shows Ms. Ferry admitted she copied and transferred thousands of files,

hundreds of which contained confidential student information, including individual

education programs, physical therapy evaluations, physical therapy progress notes, students’

MOSIS ID numbers, and other records containing confidential information regarding

specific students, to her personal Google account. While some of the files were templates

and forms Ms. Ferry created, she testified in her deposition that other files were shared with

her by others and she may not even have known the files were in her school Google account

or ever interacted with them. For many of the confidential records Ms. Ferry accessed and

transferred, she was not the party who provided or created the records.

 Ms. Ferry further admitted she had no legitimate educational interest in accessing and

transferring the confidential student information. Indeed, she stated she copied the records

to her personal Google account so she might use them in her discrimination suit against the

District. There was, therefore, competent and substantial evidence to support the Board’s

finding that Ms. Ferry effectuated a prohibited disclosure under FERPA from the District to

herself and violated the provisions of JO and JO-AP(1) when she accessed and transferred

confidential student information from the District’s Google for Education account to her

personal Google account without a legitimate educational interest.

 Ms. Ferry claims accessing and transferring the confidential information was not a

disclosure under FERPA because she never released or shared the information with any other

party. While it is true she did not redisclose the confidential information to another party,

FERPA prohibits the District from permitting its teachers to access and transfer confidential

information without a legitimate educational interest. After providing District employees,

 9
such as Ms. Ferry, with the means to access that information, the District ensures compliance

with FERPA through its policies and procedures by limiting permissible access and use to

FERPA’s recognized exceptions, which include access by teachers with a legitimate

educational interest in the information. When Ms. Ferry accessed and transferred

confidential student information without a legitimate educational interest, she effectuated a

prohibited disclosure from the District to herself and violated board policy JO and procedure

JO-AP(1).

 Pursuant to the Teacher Tenure Act, the Board had the authority to terminate

Ms. Ferry’s employment if her violation of the Board’s policies and procedure was “willful

or persistent.” Section 168.114.1(4). The Board found Ms. Ferry was aware of board

policies GBCB, EHB, EHBC, and JO as well as procedure JO-AP(1) and received training

regarding her responsibility to keep student data secure. Because she was aware of the board

policies and procedure at issue when she violated them, the Board concluded her violation

was willful.

 The Board’s finding that Ms. Ferry willfully violated the board policies and

procedure at issue is supported by competent and substantial evidence upon the whole

record. The District’s human resources director testified Ms. Ferry was provided with

training relating to the board policies at issue, and willfulness can be inferred from a single

violation of a policy coupled with the teacher’s prior knowledge of the policy. Burgess v.

Ferguson Reorganized Sch. Dist., 820 S.W.2d 651, 657 (Mo. App. 1991).

 Ms. Ferry claims she was not aware her conduct violated board policy or procedure

because the Board, in practice, permitted District employees to transfer confidential

 10
information to private e-mail accounts. In her deposition, Ms. Ferry testified it was a

common occurrence for teachers to copy and export Google Drive data that included student

information. She could not identify the source of any authority to transfer the District’s files.

Although she did testify teachers commonly transferred District files, she did not testify any

teacher did so without a legitimate educational interest. To the contrary, she testified every

teacher, including herself, was charged with protecting student data from access by any

nonauthorized person, but she argued her interest in using the files in her lawsuit against the

District was a legitimate purpose.

 At the hearing before the Board, Ms. Ferry called three witnesses, all of whom were

former employees of the District, to support her assertion that other employees commonly

transferred confidential student information. The witnesses testified they had transferred

District files to their private accounts, but they testified they either did not have any

confidential student data when the transfer occurred, or they would have made sure not to

transfer any documents containing confidential student data.

 Ms. Ferry’s evidence did not support her assertion that teachers commonly

transferred confidential student information without a legitimate educational interest.

Additionally, the Board found her testimony not credible to support the claim there were

inferred permissions or a practice of permitting transfer of confidential student information

without a legitimate educational interest. Ms. Ferry, therefore, could not have reasonably

questioned that the Board, in practice, does not prohibit the disclosure of confidential student

information without a legitimate educational interest.

 11
 Because the Board’s findings that Ms. Ferry violated the Board’s policies and

procedure and did so willfully are supported by competent and substantial evidence upon

the whole record, the Teacher Tenure Act authorized the Board to terminate Ms. Ferry’s

indefinite contract with the District. Section 168.114.1(4). 6

 Conclusion

 The circuit court’s judgment is vacated, and judgment is entered affirming the

Board’s decision pursuant to Rule 84.14.

 ___________________________________
 PATRICIA BRECKENRIDGE, JUDGE

Wilson, C.J., Powell, Fischer, Ransom,
Draper, JJ., and Gardner, Sp.J., concur.
Russell, J., not participating.

6
 While this case was pending in this Court, Ms. Ferry filed a motion to strike portions of
the Board’s brief that posited the Board’s decision should be affirmed because she violated
administrative directives to return District equipment, not to return to the school’s premises,
and not to communicate with other school personnel. The Court ordered the motion taken
with the case. Because the Court does not reach whether Ms. Ferry violated the
administrative directives at issue in the portions of the Board’s brief Ms. Ferry seeks to
strike, the motion is hereby overruled as moot.
 12